# Marcy *v.* Springville Township; Appellant.

*Appeals—Mandamus—Supervisors—Parties.*

An appeal by a township from a mandamus directing the supervisors to draw an order for the payment of money on the township treasurer, will not be quashed merely because the township, and not the supervisors, is named as appellant.

*Sheep—Dog tax—Compensation for loss of sheep—Mandamus—Act of February* 15, 1872, *P. L.* 68—*Susquehanna county.*

Under the Act of February 15, 1872, P. L. 68, entitled "An act for the protection of sheep in the county of Susquehanna," a justice of the peace and appraisers are without power to assess damages in favor of a resident of their township for sheep killed by dogs in another township, and certify such damages to the supervisors of the township in which the sheep were killed.

Argued Jan. 19, 1904. Appeal, No. 20, Jan. T., 1904, by plaintiff, from order of C. P. Susquehanna Co., Nov. T., 1901, No. 221, awarding mandamus in case of S. T. Marcy v. Springville Township. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Reversed.

Petition for mandamus.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was the order awarding mandamus.

*R. B. Little*, with him *G. P. Little*, for appellant.—The act nowhere provides that the owner of sheep shall be compelled to seek redress for damage to his sheep in any other township or borough, other than where he resides. It provides a new method for the county of Susquehanna alone, and must be strictly complied with by persons instituting proceeding under its provisions, and literally construed by the courts. Every word of the 3d section should be given its full significance.

When in the courts the authority to proceed is conferred by statute, and where the manner of obtaining jurisdiction is prescribed by statute, the mode of proceeding is mandatory and must be strictly complied with : Norwegian Street, 81 Pa. 349 ; Harris v. Mercur, 202 Pa. 313 ; Deihm v. Snell, 119 Pa. 316.

*A. B. Smith*, of *McCollum & Smith*, for appellee.—The appeal should be quashed : Porter v. U. S., 2 Paine, 313 ; Lowery v. Lowery, 64 No. Car. 110 ; Sisson v. Bailey, 1 Luz. Leg. Reg. 56, followed by Del. Co. Com. Pleas in Wetherill v. Comrs. of Delaware County, 14 W. N. C. 42.

The local act for Susquehanna county provides for a fund out of which to remunerate the inhabitants of the county, not of particular townships, for sheep injured or destroyed by dogs.

Under a similar act by which the county commissioners, instead of supervisors, are required to issue the warrant, it was held that a nonresident owner of sheep is entitled to compensation from the fund : Wetherill v. Comrs. of Del. Co., 14 W. N. C. 42.

Technical rules of grammatical construction must give way to a common sense interpretation of an act of assembly : Gyger's Estate, 65 Pa. 311 ; Big Black Creek Improvement Co. v. Com., 94 Pa. 450 ; Com. v. Fraim, 16 Pa. 163.

OPINION BY MORRISON, J., March 14, 1904 :

This was a mandamus against the supervisors of Springville township commanding them to draw an order on the treasurer of their township to pay to the plaintiff damages which he had sustained by reason of dogs killing and injuring some of his sheep. The record shows that the township is the appellant. Counsel for appellee moves to quash the appeal, principally for the reason that Springville township is not a party aggrieved

and is not interested, and therefore not entitled to appeal. His contention is that the supervisors alone could appeal. This position is very technical. And in view of the manifest illegality of the judgment of the court awarding a mandamus we are not disposed to put this case out of court on so bare a technicality. It is difficult to see why the township is not interested. The mandamus directed the supervisors to draw an order for the payment of money on their township treasurer and if they did not appeal they would have been compelled to draw the order and in that case the township would suffer the loss of the amount of it. If this is really an appeal by the township it must have been by the action of the supervisors, and it would not be much of a stretch to consider the appeal amended so that it will show that it was taken by the supervisors. The motion to quash is not sustained.

For a proper understanding of the questions raised it will be necessary to make a brief statement of the facts. S. T. Marcy, the plaintiff, was a resident of Lathrop township, Susquehanna county. He was not a resident nor a taxpayer of Springville township, said county. In November, 1900, he had four sheep killed or injured by dogs in Springville township. He kept these sheep on his farm in Lathrop township, but they were either driven or strayed into Springville township where they were found, some dead and others injured. On November 12, 1900, he made complaint to a justice of the peace in Lathrop township, who appointed appraisers to ascertain the damage sustained by the petitioner. Three citizens of Lathrop township were appointed appraisers, who, on the same day certified to the supervisors of Springville township that Marcy had sustained damages by loss and injury to his sheep to the amount of $14.00. Marcy then took the position that the supervisors of Springville were bound to draw a warrant upon the treasurer of their township for this amount, which they refused to do. Marcy then presented his petition to the court of common pleas praying for a mandamus requiring the supervisors of Springville township to draw a warrant upon the treasurer of that township. The court granted a rule to show cause why a mandamus should not issue, and to this rule the supervisors of Springville made answer. In their answer the supervisors of Springville denied the right of the plaintiff to recover from

them or their township for several reasons: 1. The proceeding is under the Act of February 15, 1872, P. L. 68, entitled, "An act for the protection of sheep in the county of Susquehanna." And that it is intended and directed by the said act that when a party suffers damage by reason of the injury or destruction of his sheep, he is to receive compensation therefor from the township in which he resides, and from the fund to which he is a contributor. 2. That the plaintiff, S. T. Marcy, is a resident of the township of Lathrop, said county, pays taxes, including dog taxes, in said township of Lathrop, and pays no taxes whatever in the township of Springville. 3. That E. P. Brotzman, the justice of the peace before whom the proceedings in this case were instituted, is a resident of the said township of Lathrop, and the appraisers, Lyman Saunders, E. E. Sweet and F. M. Kinney are also residents of the township of Lathrop. 4. That the appraisers received authority to act in the premises from the warrant signed by the justice of the peace, on November 10, 1900, in which they were directed as follows: "You or any two of you, are to certify under your hands and seals to the supervisors of your township the amount of such damage, . . . . therefore, it follows that the appraisers did not have the power or authority to make any certificate of damages to the supervisors of Springville township, their authority being confined to certify to the supervisors of their township, which is the township of Lathrop." 5. That the act of February 15, 1872, does not provide for notice to any supervisor of any township other than the supervisors of the township in which the party injured resides. And the supervisors of Springville township could not be legally notified, or made a party to any proceedings under this act, except such as are instituted in the township of Springville. 6. That at the time damages are claimed to have been sustained by him, said S. T. Marcy did not have any sheep in pasture, or being kept in any manner in Springville township. He did, however, have a flock of sheep running in a pasture located upon his own premises in Lathrop township, and, if any damage was inflicted to his sheep in Springville township, said sheep were driven therein from his premises in Lathrop township.

In our opinion this answer set up sufficient reasons, if true, to require the learned court to refuse the mandamus. It is

shown and conceded that the plaintiff was a resident of Lathrop township; that he applied to a justice of the peace of said township; that the justice issued his precept to appraisers residing in said township, and they assessed the damages and certified the amount to the supervisors of Springville township. In our opinion the act of 1872, supra, conferred no power upon the justice and the appraisers of Lathrop township to compel the supervisors of Springville township to pay the damages suffered by this resident of Lathrop.

The learned judge in his opinion says : " It is claimed that the directions of the 3d section of the act that the appraisers having first given notice of the time and place of said hearing to one or more of the supervisors of said township or to the proper authorities of any borough as the case may be, refers to the supervisors of the township of residence of the owner of the sheep killed, and not to supervisors of the township wherein the sheep were killed. This is the natural construction of the language of the entire section standing alone, but it is not consistent with the provisions of the first section that the fund arising from the dog tax in the township is to be held to remunerate the inhabitants of the county for loss by sheep being injured by dogs."

In this construction we think the learned judge attaches too much importance to the first section of the act and this leads him to an erroneous conclusion. The portion of the first section material on this point is as follows : " And it shall be the duty of the borough and township treasurers to keep separate accounts of the money arising from the tax on dogs ; and the said money shall be and is thereby appropriated as a fund for remunerating the inhabitants of said county for any.loss they shall sustain, after the passage of this act, by sheep being destroyed or injured by dogs."

But in order to ascertain how this money is to be paid out, and to whom, we must go to the 3d section of the act which is very plain, and we think controls this question. It reads : " That when any inhabitant of any township or borough, of the county aforesaid, shall have any sheep destroyed or injured by a dog or dogs, he may make complaint by affidavit, filed to one of the justices of the peace of his or her township or borough, who shall thereupon appoint three disinterested persons apprais-

ers, who are hereby authorized and required to view and ascertain the amount of damage sustained by the owner of such sheep so destroyed or injured, and who shall have full power and authority to examine, upon oath or affirmation, to be by them administered, any person who may appear before them as witnesses relative to said damages, having first given notice of the time and place of said hearing, to one or more of the supervisors of said township, or other proper borough authorities of any borough, as the case may be; and when the said appraisers shall have ascertained the legality of the claim and the damages so sustained, they shall certify the same in writing, to the supervisors of said township, or the proper borough authorities respectively, who shall draw warrant upon the treasurer of the township or borough, for the amount so found and certified, to be paid out of the fund arising from the aforesaid tax on dogs."

Now, while it is true that the first section of this act provides that the fund shall be appropriated for remunerating the inhabitants of said county for any loss they shall sustain, yet there is nothing inconsistent in this provision with the plain terms of the 3d section, which it seems to us is so clear that it will not admit of any such construction as was placed upon it by the learned court below as a basis for the issuing of the mandamus to the supervisors of Springville township. The plain provision is that the person having sheep destroyed or injured may make complaint by affidavit to one of the justices of the peace of his or her township or borough, who shall thereupon appoint appraisers, who are authorized and required to view and ascertain the amount of damage sustained by the owner of such sheep so destroyed or injured having first given notice of the time and place of said hearing to one or more of the supervisors of said township. This clearly refers to the supervisors of the township of the petitioner and of the justice of the peace who appointed the appraisers. Then again when the appraisers shall have ascertained the legality of the claim and the damages so sustained they shall certify the same in writing to the supervisor of said township, or the proper borough authorities respectively, who shall draw warrant upon the treasurer of the township or borough for the amount so found and certified, etc. Now, if the plain English language is to have

its ordinary meaning, this all refers to the township and justice and treasury where the petitioner resides or to his township or borough.  In our opinion no proper construction of this act, taken as a whole, will justify a justice of the peace in Lathrop township and appraisers appointed by him in fixing the township of Springville for damages suffered by a resident of Lathrop township to his sheep by dogs.

We do not propose to decide, at this time, whether the plaintiff could have gone into the township of Springville and presented his petition before a justice of that township and recovered his damages, in that way, from Springville township, because it is unnecessary to decide this question.  But we think it at least doubtful whether he can recover damages from any township except his township, i. e., the one in which he resides.  But we do decide that the justice and the appraisers of Lathrop township were without power, under the petition in this case, to assess damages against the township of Springville.  And it, therefore, follows that the learned court below erred in awarding the mandamus against the supervisors of Springville township.

The assignments of error are sustained and the judgment or decree of the court below awarding a mandamus is reversed at the cost of S. T. Marcy, appellee.