Edwards Zoning Case.

Argued January 10, 1958. Before JONES, C. J., BELL, CHIDSEY, MUSMANNO, JONES and ARNOLD, JJ.

reargument refused April 17, 1958.

*Edmund B. Spaeth, Jr.,* with him *John E. Forsythe,* Township Solicitor, and *Wright, Mauck, Hawes & Spencer,* for appellant.

*Howard Richard,* with him *Raymond Seidel, Berman & Richard,* and *High, Swartz, Childs & Roberts,* for appellees.

OPINION BY MR. JUSTICE COHEN, March 24, 1958:

Since 1927 the Lower Merion Township Zoning Ordinance has designated the area southwest of the intersection of City Line and Lancaster Avenues as R 3, residential. The land uses permitted in this section

include single-family detached dwellings on lots of not less than 10,000 square feet.[1]

In 1953, Edwards and a partner purchased for $28,-000 one and a half acres of land situated and fronting on the south side of heavily traveled Lancaster Avenue, some 1300 feet west of the City Line intersection. The normal value of this property, including a dwelling which was in a state of disrepair, was estimated at $12,000.

To the south of the Edwards's tract are the grounds of the Lankenau Hospital and a transformer station of the Philadelphia Electric Company. To the east are apartments for hospital personnel and a Theological Seminary. Across Lancaster Avenue, to the north, lies the College of St. Charles Borromeo. Immediately to the west is a private residence, and the area beyond includes a series of single-family homes.

Edwards purchased the property with the intention of constructing an office building for the staff physicians of the hospital. To this end Lankenau's board of trustees joined with Edwards in petitioning the township board of commissioners to rezone the area so as to permit such use. However, the hospital board subsequently decided to provide space for doctors' of-

---

[1] Other uses permitted are: tilling of the soil; greenhouse as an accessory use; club, fraternity house, or lodge, except where one of the principal activities is an activity customarily carried on as a business, when authorized as a special exception; public school; private educational institution, hospital or sanitarium, religious or philanthropic use, excluding correctional or penal institution, when authorized as a special exception; telephone central office; municipal building and municipal use; railroad passenger station, and bus passenger station; accessory use on the same lot with and customarily incidental to any of the foregoing permitted uses. Lower Merion Township Zoning Ordinance of 1927, as amended, Article IV, §401.

fices within the hospital building itself, and shortly thereafter the petition was withdrawn.

In 1954 Edwards again petitioned the board of commissioners to change the zoning of his property, this time to permit the construction of an apartment house thereon. His petition was denied, and in the following year Edwards filed an application for a building permit to construct an apartment house. The building superintendent refused to issue such a permit and Edwards appealed to the board of adjustment for a variance. At the hearing, however, Edwards withdrew his application for a variance and instead took the position that the zoning ordinance as applied to his property was unconstitutional. The board therefore affirmed the action of the superintendent and Edwards took an appeal to the Court of Common Pleas of Montgomery County. Extensive testimony was taken by the court, but the hearing judge reserved decision and properly remanded the case to the board of adjustment for consideration of whether Edwards was entitled to a variance.[2]

Pursuant to the order of the court the board held a hearing and in November, 1956, denied Edwards' request for a variance. Edwards again appealed to the Court of Common Pleas, and after argument thereon the hearing judge affirmed the decision of the board. Appellee filed exceptions whereupon the hearing judge, speaking for the court *en banc,* reversed his earlier determination and directed that a variance be granted. From this order of the court the present appeal is taken in the name of the board of adjustment.

---

[2] On this appeal, Edwards abandoned his attack upon the constitutionality of the zoning ordinance as applied to his property, and we therefore need not consider the question.

As the appellee, Edwards, correctly points out, the board of adjustment has no right of appeal to this Court. See *Lansdowne Borough Board of Adjustment's Appeal*, 313 Pa. 523, 170 Atl. 867 (1934). While the commissioners of a first class township may appoint counsel to represent the board of adjustment and to defend its decisions in any appeal to court therefrom, Act of September 7, 1955, P. L. 563, 53 P.S. §58107.2, a board of adjustment has no such direct and substantial interest in the subject matter of particular litigation as would give it standing to seek appellate review. Nevertheless, although the present appeal has been taken nominally by the board of adjustment, we find that as a matter of substance the real party thereto is the Lower Merion Township.

Both the board and the township were represented in the court below by the township solicitor,[3] who also argued the appeal to this Court. The solicitor was instructed by the township commissioners to file an appeal in the present case on behalf of the township. However, for reasons unknown, the solicitor purported to obtain review in the name of the board of adjustment. We are satisfied that no prejudice resulted from this error, and we will treat the matter as though the township were substituted for the board of adjustment as the party taking this appeal.

We therefore turn to the merits:

The court below had the power to "reverse or affirm, in whole or in part, the decision [of the board of adjustment] appealed from as to it may appear just and proper." Act of June 24, 1931, P. L. 1206, Art. XXXI, §3107, as amended, 53 P.S. §58107. The scope

---

[3] The township solicitor has the duty of defending all actions against the township, or any officer thereof, wherein any of the ordinances of the township are questioned. Act of June 24, 1931, P. L. 1206, Article XII, section 1204, as amended, 53 P.S. §56204.

of our review of the court's actions is as on broad certiorari, and we inquire whether there is substantial evidence to support the findings of fact, whether the record is free from mistake of law, and whether there has been an abuse of discretion. *Lindquist Appeal,* 364 Pa. 561, 73 A. 2d 378 (1950); *Archbishop O'Hara's Appeal,* 389 Pa. 35, 131 A. 2d 587 (1957).

Upon the record before us we find that the lower court abused its discretion in granting appellee's petition.

A variance from the terms of a zoning ordinance may be authorized if it will not be contrary to the public interest, "where, *owing to special conditions,* a literal enforcement of the provisions of the ordinance will result in *unnecessary hardship,* and so that the spirit of the ordinance shall be observed and substantial justice done." Act of June 24, 1931, P. L. 1206, Art. XXXI, §3107, as amended, 53 P.S. §58107; Lower Merion Township Zoning Ordinance, Art. IXX, §1901 (3). (Emphasis supplied).

Appellee failed to demonstrate either that his "property is subjected to a hardship unique or peculiar to itself as distinguished from one arising from the impact of the zoning regulations on the entire district," *Michener Appeal,* 382 Pa. 401, 406-407, 115 A. 2d 367 (1955), or that he suffered "unnecessary hardship." *Devereux Foundation, Inc., Zoning Case,* 351 Pa. 478, 484, 41 A. 2d 744 (1945).

Edwards in order to show that his property has been specially affected by the zoning ordinance contends that the land is an "island of residential property surrounded by institutional uses." However, immediately to the west of appellee's property is a single-family residence, and a short distance beyond, are many other such homes. The same conditions of which Edwards complains—the institutional uses in the area,

the heavy traffic along a major arterial highway, and the unsightly electric transformer station affect equally the property to the west of appellee's land and therefore are not conditions of hardship exclusive to the Edwards's tract.

In any event, Edwards has not shown that the zoning ordinance imposes on him any unnecessary hardship.

Because of the expenditure of $28,000 paid for the land, Edwards is unable profitably to construct single-family houses upon the property for a price at which they could be sold. He therefore contends that he requires a variance in order to develop his land.

When property is purchased pursuant to a plan of development for uses unauthorized by an existing zoning ordinance, and the plan miscarries, the purchaser is not entitled to a variance to permit his land to be used for other unauthorized purposes, even though he will otherwise suffer financial loss, if the property can reasonably be used for purposes permitted by the ordinance.

Appellee bought the property with full knowledge of the terms of the ordinance. At the time he made his purchase, at a highly inflated price, he should have investigated whether he could recoup his investment in the event that his plans to erect an office building for the hospital physicians did not materialize. Instead, Edwards chose to gamble that the hospital would agree to use the proposed building and that the commissioners would rezone the area to permit the construction thereof. It now appears that his gamble has been lost, and Edwards seeks to avoid the adverse financial consequences. However, neither his present loss nor his prospective financial advantage are sufficient justification for authorizing a departure from the Lower Merion Zoning Ordinance. See *Fleming v.*

*Prospect Park Board of Adjustment,* 318 Pa. 582, 178 Atl. 813 (1935).[4]   One who acquires property intending to circumvent the use restrictions of a zoning ordinance does so at his financial peril.

Plaintiff's witnesses themselves testified that single-family homes could be built upon the property and sold, although not at prices which would permit the appellee to recover his investment.   To require that the property be so used may be a hardship to Edwards, but if so, it was of his own making, and not one which entitles him to relief.

Order reversed.

---

[4] Cf. *Dunlap Appeal,* 370 Pa. 31, 87 A. 2d 299 (1952) ; *Pincus v. Powers,* 376 Pa. 175, 101 A. 2d 914 (1954).  (The fact that zoning ordinances prevent property from being used for its most valuable and economic use is not sufficient ground for the granting of a variance.)