## Schechter *v.* Zoning Board of Adjustment (et al., Appellant).

Argued January 9, 1959. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN and McBRIDE, JJ.

*David W. Craig,* with him *Robert Van der Voort,* and *Moorhead & Knox,* and *Van der Voort, Royston, Robb & Leonard,* for Township of Hampton, appellant.

*Ralph H. Smith, Jr.,* with him *Smith, Smith & Zehner,* for appellee.

OPINION BY MR. JUSTICE BENJAMIN R. JONES, March 16, 1959:

This is an appeal by Hampton Township from an order of the County Court of Allegheny County which reversed the action of the township's zoning board of adjustment and directed the issuance of a variance for the use of a portion of Dr. Schechter's property, located in a farm-residence district, as a drive-in theatre.[1] Dr. Schechter has filed a motion to quash this appeal principally on two grounds: (1) that the township, not being a party of record and having been de-

---

[1] Hampton Township further questions the propriety of the action of the court below in denying the township's petition to formally intervene in the proceedings.

nied the right to intervene, has no status to maintain an appeal, and (2) that the appeal was not taken from the final order of the court below within the prescribed statutory period.[2] A discussion of the extremely involved factual background is necessary for a proper disposition both of the appeal and the motion to quash the appeal.

In July of 1957, Dr. Murray P. Schechter filed an application with the zoning officer for permission to use 12 acres of his 60 acre tract for "a commercial purpose." Since the property is located in a farm-residence district, the request was denied. On appeal to the zoning board of adjustment, a variance was refused because Dr. Schechter failed to establish any unnecessary hardship, and, in the opinion of the board, the request for a variance constituted in fact a request for a change in zoning, and, as such, was beyond the board's jurisdiction. After the board's hearing, Dr. Schechter, by letter, specified a drive-in movie theatre as the intended use, but did not file any specific plan as to the nature of the proposed construction.[3] An appeal was taken to the court below where Dr. Schechter again requested "any legitimate commercial use." The court below, after taking additional testimony, held that the residential development of the 12 acre tract was not economically feasible primarily because of the swampy condition of the land, and the probability of coal rights under the land being exercised thus causing a danger of subsidence due to a lack of surface support. The court directed the issuance of a variance for the use of the premises as a drive-in

---

[2] The motion to quash was initially denied on September 11, 1958, without prejudice to appellee to renew the motion at the time of oral argument.

[3] Cf. Home Life Insurance Company of America v. Board of Adjustment, 393 Pa. 447, 143 A. 2d 21.

theatre which Dr. Schechter had requested during the hearing, again without the benefit of any specific plan. This order "order[ing] and direct[ing] that the zoning board issue the permit as applied for," was entered on February 20th, 1958.

On February 24th, 1958, Dr. Schechter and his attorney, by virtue of the court's order, requested a permit from the zoning officer. On the advice of the township solicitor, (who believed the order was absolute in its language), the zoning officer issued a permit. The township supervisors were not notified of the court's order until the evening of February 24th, at which time they resolved to revoke the permit and contest the court order. Dr. Schechter's attorney was personally notified by the township solicitor of this decision on February 26th, after a telephone message to that effect had been left at his office by the township solicitor on the previous day.

The zoning officer, following a regular meeting of the supervisors on February 27th, sent a registered letter to Dr. Schechter informing him of the revocation of the permit and the township's intent to file exceptions to the court's order, which letter was received on Monday, March 3rd. Either on that day, or on Tuesday, March 4th, Dr. Schechter's contractor began grading, and trenching the land and, on March 7th, poured concrete footers for a drive-in concession building.

On March 6th, exceptions to the actions of the trial judge were filed by the zoning board of adjustment. On March 10th, 1958, the township presented a formal petition to the court seeking to intervene in the proceedings and to adopt the same exceptions. Dr. Schechter then moved to strike, quash or dismiss the exceptions, and, in support of this petition, depositions were taken. During the taking of these depositions,

testimony was produced to the effect that the swampy condition of the premises was in part attributable to Dr. Schechter's own action in that a private sewer pipe carrying the overflow from two ponds located elsewhere on his land was discharging it onto the tract in question from which it was conducted to a nearby creek. Prior to a determination of the township's status, the zoning board of adjustment, *apparently* on the strength of these additional facts, presented a petition for a re-hearing or an additional hearing. Argument on the petition to intervene and the motion to dismiss the exceptions was heard by the court *en banc* on June 13th, 1958. On July 18th, 1958, the court *en banc* dismissed the exceptions, and refused to permit the township to intervene. A supplementary opinion was subsequently filed setting forth additional reasons for the denial of the township's intervention petition. No action has apparently ever been taken on the board of adjustment's petition for a re-hearing. On July 25th, 1958, the township filed the present appeal.

The court below held that the township by issuing the permit to Dr. Schechter had acquiesced in the court's order of February 20th, was estopped from taking any further action and that the township should not now be permitted to contest the order since Dr. Schechter, relying in good faith upon the permit, had substantially changed his position and incurred considerable expenditures. Additional reasons for denying intervention were set forth in a supplementary opinion in that the petition did not comply with Pa. R. C. P. 2326 et seq., and that intervention at this stage would result in a contravention of Pa. R. C. P. 2329 (3) because it would "unduly delay, embarrass or prejudice . . . the adjudication of the rights of the parties." The board of adjustment's exceptions to the order of February 20th were also dismissed on the

grounds that it too had acquiesced in the court order by concurring in the issuance of the permit by the zoning officer.

Dr. Schechter urges that, since the court below properly denied the petition of the township to intervene and the right of the board of adjustment to file exceptions because of acquiescence, the only *final order* is the order of February 20th directing the variance to issue and that the present appeal, taken on July 25th, 1958, was not taken within the prescribed statutory period,[4] and should be quashed.

The mere issuance of a permit or variance by a zoning official pursuant to an administrative decision, an ordinance, or in compliance with an appealable court order does not, in itself, prohibit the municipality from later contesting its issuance, particularly within the applicable procedural time limits, *if there be a question as to whether or not the permit or variance was properly and legally issued.* *Silverco v. Zoning Board of Adjustment,* 379 Pa. 497, 109 A. 2d 147; *A. J. Aberman, Inc. v. New Kensington,* 377 Pa. 520, 105 A. 2d 586; *Ventresca v. Exley,* 358 Pa. 98, 56 A. 2d 210. See: *Philadelphia v. Wyszynski,* 381 Pa. 153, 112 A. 2d 327; *A. N. "Ab" Young Company Zoning Case,* 360 Pa. 429, 61 A. 2d 839. Cf: *Shapiro v. Zoning Board of Adjustment,* 377 Pa. 621, 629, 105 A. 2d 299. Municipalities and boards of adjustment, unlike private litigants, have a duty to protect the public interest and preserve the character of the community. To hold un-

---

[4] Act of May 19, 1897, P. L. 67, §4, as amended, 12 PS §1136 provides that appeals of the nature of the one in the instant case must be taken within three calendar months from the entry of the order appealed from. This Act has been made applicable to appeals to this Court from decisions of the County Court of Allegheny County by the Act of April 30, 1931, P. L. 73, §1, 17 PS §604a (Supplement).

der the instant facts that the municipality is barred from contesting the propriety of the permit's issuance *solely because of its issuance* would be tantamount to an approval by this Court of a condonation of an act of questionable legality by a subordinate municipal official. Moreover, to hold that the instant municipality acquiesced in the court order is not justified by the present record.

The responsible municipal officials adopted every reasonable means to controvert the erroneous issuance of the permit once it was brought to their attention. Upon being informed of the court order and zoning officer's actions, the township officials *immediately* voted to revoke the permit and to contest the validity of the court order. The township solicitor on the next day attempted to inform Dr. Schechter's attorney of the supervisors' decision, and did, in fact, on the following day personally communicate this determination to him. A public meeting was held in compliance with the statute[5] the following evening at which time a formal resolution to revoke the permit and to contest the order was adopted. Pursuant to this meeting a registered letter was sent to Dr. Schechter, and received by him on March 3rd, exactly one week after the permit's issuance. The actions of the responsible municipal officials in the present case did not constitute such acquiescence in the court order as would justify a dismissal of the township's petition for intervention solely on that ground.

Nor do we believe that the present controversy is governed by the "vested rights" doctrine first set forth in *Herskovits et ux. v. Irwin et al.,* 299 Pa. 155, 149 A. 195, to the effect that substantial expenditures made

---

[5] This meeting was held in order to comply with the Act of June 21, 1957, P. L. 392, §3, 65 PS §253 (Supplement), which requires advance notice of the subject matter of special meetings.

upon a good faith reliance on a validly issued permit prohibits the municipality from contesting its issuance. Even if it be assumed that Dr. Schechter did in good faith rely upon the issuance of the permit, no substantial expenditures were made nor harmful change of position taken by Dr. Schechter until after he received the township's letter on March 3rd. By that time, in view of the two oral communications, the two meetings of the supervisors, and the formal declaration of intent evidenced by the letter, Dr. Schechter should have been well apprised of the township's position. If Dr. Schechter at that point was so convinced of the legality of his position that he desired to continue the construction of the theatre, he was certainly entitled to do so but *only at his own risk*. The resulting cost, however, would not constitute expenditures incurred in a good faith reliance upon a validly issued permit so as to bring the present case within the meaning of the "vested rights" doctrine. See, e.g., *Riccardi v. Plymouth Township Board of Adjustment,* 393 Pa. 337, 142 A. 2d 289.

Dr. Schechter was unable to testify as to the amount of money that he had expended between February 24th, —the date the permit was issued,—and March 3rd,— the date that he was formally notified of the township's intent to revoke.[6] He did testify that, during this period, he had entered into an agreement to lease the theatre to a third party, but admitted that the agreement was to be terminated if for any reason the theatre was not constructed. The contractor employed to construct the theatre testified that there was no formal contract between the parties at that time, but that he was to be paid as the work progressed and was to

---

[6] Dr. Schechter, as of April 28th, 1958 had paid $1837.35. The contractor testified that this amount was in full settlement for the total work performed.

stop work when he was ordered to do so by Dr. Schechter. The contractor further testified that the actual construction work did not begin until March 3rd or 4th, by which time Dr. Schechter must certainly have learned of the township's decision to revoke the permit. Prior to that time, the only work performed by the contractor consisted of an examination of the premises and an ascertainment of the amount of material and the number of men that would be required to perform the work. The evidence produced by Dr. Schechter falls far short of the "change in position and substantial expenditures" required to sustain the action of the court below. See: *Ventresca v. Exley*, supra, at 103.

Moreover, at the time the permit was issued, Dr. Schechter, by his attorney, had full knowledge of the local rule of court providing for the filing of exceptions within twenty days of the filing of the hearing judge's decision. The rule further provides for argument and decision by the court *en banc*, and does not provide for the entry of final judgment on the trial judge's order until the twenty-day period has expired without exceptions or unless a waiver of the right to enter exceptions be filed.[7] Although Dr. Schechter admits knowledge of this rule, he urges that it would not have been applicable to the present case, because the board of adjustment, under a local court decision, had by the issuance of the permit waived its rights to file exceptions, and had no right, because of its status as a board of adjustment, to appeal the waiver to this Court. However, Dr. Schechter was aware that the issuance of the permit had been contested by the township solicitor before both the board of adjustment and the court below. Numerous property owners, in the

---

[7] Rules of the County Court, Rule 112, Requests and Exceptions.

vicinity of the premises, had also contested the proposed change in use. Prior to the entry of a final order dismissing the exceptions, either the township or the property owners could have been permitted to intervene and contest this determination of acquiescence in view of the Board's inability to appeal. Cf. *Robinson Township School District v. Houghton,* 387 Pa. 236, 240, 128 A. 2d 58. However, Dr. Schechter, rather than delay an additional twenty days until the entry of a final non-contested and non-appealable order dismissing the exceptions, ignored the obvious probability of formal intervention, and entered into agreements with third parties in an attempt to establish "vested rights", before the exceptions filed by the board were formally dismissed, on the premise that the board was unable to appeal, and the supposition that no one would be permitted to intervene. This does not constitute the good faith reliance on a validly issued permit as set forth in our previous decisions. See: *Riccardi v. Plymouth Township Board of Adjustment,* supra; *Silverco v. Zoning Board of Adjustment,* supra; *A. J. Aberman, Inc. v. New Kensington,* supra.

The court below also assigned non-compliance with Rules 2326 et seq. as an additional reason for denying intervention. However, since the court did not specify the manner in which the petition violated the rules pertaining to intervention, we are unable to accept this general ground as valid. Nor would the township's intervention, in view of what we have decided, result in a contravention of Rule 2329 in that it would unduly delay or prejudice the adjudication of the rights of the parties. We believe that there was sufficient notice to Dr. Schechter that the township had taken a direct and substantial interest in the litigation, and that he was in no way prejudiced or hindered by the township's petition for formal intervention. The re-

cent statement of this court in *Edwards Zoning Case,* 392 Pa. 188, 192, 140 A. 2d 110, where the township was substituted for the board *after an appeal had been taken to this Court* is most appropriate: ". . . although the present appeal has been taken nominally by the board of adjustment, we find that as a matter of substance the real party thereto is the . . . Township." See also: *Shapiro v. Zoning Board of Adjustment,* supra, at 624-625; *Marcy v. Springville Township,* 24 Pa. Superior Ct. 521.

Hampton Township's petition to intervene should have been granted. The present appeal from the order of July 18th refusing intervention and dismissing the exceptions, which was entered by the court *en banc* after argument was therefore taken by both a proper appellant and within the prescribed statutory period, and the motion to quash the appeal must be and is hereby denied. See: *Sigel Appeal,* 372 Pa. 527, 94 A. 2d 761.

In determining the basic issue in the present case, namely, whether or not the court below erred in ordering the grant of a variance, our only function is to examine the record to determine whether or not there has been a manifest abuse of discretion, or an error of law; it is not our function to sit as a final zoning board of adjustment for every municipality within the Commonwealth. However, since the court below did not pass on the merits of the exceptions, nor upon the petition for a re-hearing because of newly discovered evidence—which evidence appears to be highly significant,—we believe that the interests of all parties would best be served by a hearing *de novo.* However, in remanding the matter for this purpose, the attention of the court below is directed to the firmly established principle that variances are to be granted only where *a finding of unnecessary hardship is adequately sup-*

*ported by competent evidence,* and that a general rezoning of an area of land cannot be accomplished under the guise of a variance but that a variance should be granted only for a stated purpose as delineated by a specific and comprehensive plan outlining with exactness the proposed use of the property.

The motion to quash is denied, and the record is remanded to the court below for proceedings consistent with this opinion.

Costs to abide the event.