Robert Louis Corporation *v.* Board of Adjustment of Radnor Township.

Argued December 15, 1970, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MANDERINO, MENCER and BARBIERI (who has since been appointed to the Supreme Court of Pennsylvania and did not participate in the decision).

*Sondra K. Slade*, with her *Fronefield Crawford*, Township Solicitor, for appellant.

*John R. Graham*, for appellee.

OPINION BY JUDGE MENCER, March 2, 1971:

The Board of Commissioners of Radnor Township, Delaware County, on June 24, 1968, enacted Ordinance 1366, rezoning a 110-acre area, including four acres owned by Robert Louis Corporation, appellee, from R-3 to R-2. The effect of this ordinance was to increase, in the area rezoned, the minimum lot area from 10,000 square feet to 20,000 square feet; the lot width from

70 to 100 feet; the front yard from 35 to 40 feet, and the side yards from 15 to 20 feet. On July 25, 1968, appellee applied for a zoning use permit to allow occupancy of 10,000 square foot lots on its four-acre tract. The building inspector refused to issue the permit and appellee appealed to the Board of Adjustment, challenging the constitutionality of Ordinance 1366. The Board of Adjustment made findings of fact, found the ordinance valid and dismissed the appeal. Appellee on October 22, 1968, took an appeal to the Court of Common Pleas of Delaware County which, without taking any additional testimony, rendered a decision on August 8, 1969, that the ordinance in question was unconstitutional, illegal and void insofar as it classifies appellee's property in an R-2 zone, and accordingly reversed the Board of Adjustment. Thereafter, on October 7, 1969, the Township of Radnor, appellant, filed a direct appeal to the Supreme Court of Pennsylvania and on the same day filed a petition for leave to file nunc pro tunc a petition for certiorari under Supreme Court Rule 68½.

It was proper for the Township of Radnor to assume the position of appellant since the Board of Adjustment had no right to appeal. *See Yocum Zoning Case,* 393 Pa. 148, 141 A. 2d 601 (1958) ; *Edwards Zoning Case,* 392 Pa. 188, 140 A. 2d 110 (1958) ; *Lansdowne Borough Board of Adjustment's Appeal,* 313 Pa. 523, 170 A. 867 (1934).

On October 14, 1969, appellee filed its motion to quash in which it asserted that the appeal filed sixty days from the date of decision was not timely under the provisions of Rule 68½. *Iron City Sand and Gravel Company v. Zoning Board of Adjustment,* 418 Pa. 145, 208 A. 2d 836 (1965). Appellant filed an answer to the motion to quash which asserted the applicability of Article V, §9 of the Constitution of the Com-

monwealth of Pennsylvania of 1968. The Supreme Court of Pennsylvania, on November 19, 1969, ordered that the motion to quash be heard at time of argument on the appeal. This appeal was transferred to our Court, in accordance with Section 507(b) of the Appellate Court Jurisdiction Act of 1970, 17 P.S. §211.507 (b).

Article V, §9 of the Pennsylvania Constitution became effective on January 1, 1969, and states that: "There shall be a right of appeal in all cases to a court of record from a court not of record; and there shall also be a right of appeal from a court of record or from an administrative agency to a court of record or to an appellate court. . . ."

In 1964 the Supreme Court of Pennsylvania adopted its Rule 68½ which provided that if no right of appeal is granted by statute, an appeal to the Supreme Court would lie only if allowed by that court. Since none of the then effective zoning enabling acts established any specific right of appeal, Rule 68½ was applicable to all zoning cases prior to the Pennsylvania Municipalities Planning Code, 53 P.S. §10101 et seq., which became effective on January 1, 1969.

We dismiss appellee's motion to quash because we conclude Article V, §9 of our Constitution abrogates Rule 68½ in its application to zoning cases relative to appeals taken after January 1, 1969. Since this litigation began on October 22, 1968, and since the Pennsylvania Municipalities Planning Code expressly, by Section 103, 53 P.S. §10103, does not affect pending litigation, this Code does not limit the appellant's right to appeal to a thirty-day period as provided by Section 1012, 53 P.S. 11012. Further, this latter section concerns itself with appeals from decisions of courts made under the Pennsylvania Municipalities Planning Code, and the instant case is not such a decision. We con-

clude that the appellant, on August 8, 1969, when the Court of Common Pleas of Delaware County rendered its decision, had an absolute constitutional right of appeal. The Supreme Court was the proper tribunal since the Superior Court has no jurisdiction over zoning appeals. 17 P.S. §191.4: *Coston v. Upper Merion Twp.*, 435 Pa. 67, 255 A. 2d 565 (1969); *Bell Appeal*, 396 Pa. 592, 152 A. 2d 731 (1959). Therefore, since appellant filed its appeal within three months of the final order of the lower court we hold under the facts in this case that such appeal was timely filed in compliance with the Act of 1897, May 19, P. L. 67, §4, as amended, 12 P.S. §1136.

The land involved in this appeal comprises a four-acre tract which was originally part of a 6.9 acre area known as the Westhead Tract. At the time appellee purchased the four acres from Mr. and Mrs. Westhead, all of the 6.9 acres lay in an area zoned R-3. After acquiring the said four acres, appellee applied to the Board of Commissioners of Radnor Township to have its land rezoned from R-3 to R-5, which application was denied in 1967. Thereafter, a group of residents began circulating petitions to have the area rezoned from R-3 to R-2. These proponents of rezoning the 110-acre area in question established to the satisfaction of the Board of Commissioners, and later to the Board of Adjustment, the following facts:

1. That the entire 110-acre area (containing 136 homes) is principally developed in conformity with the 20,000 square foot standard set forth for R-2 zoning.

2. That only 36 of the 136 homes in that area are on lots smaller than 20,000 square feet and that only three of these are within 1000 feet of the appellee's tract.

3. That there are four premises in the area which are two acres or larger in size.

4. That there are 28 properties (including the four mentioned in 3 above) which are capable of subdivision under R-2 zoning and that these properties are spread throughout the 110-acre area.

5. That appellee's tract, because of its topography and its location, is an integral part of the residential community in which the 110-acre area consists.

A presumption of validity attaches to a zoning ordinance which imposes the burden of proving its invalidity upon the one who challenges it. *Cleaver v. Board of Adjustment,* 414 Pa. 367, 200 A. 2d 408 (1964). Where the lower court, as here, took no additional testimony, we must determine whether the Board of Adjustment committed an abuse of discretion or an error of law. *Upper Providence Township Appeal,* 414 Pa. 46, 198 A. 2d 522 (1964). Zoning for density is a legitimate exercise of the police power. *Volpe Appeal,* 384 Pa. 374, 121 A. 2d 97 (1956).

In *Volpe Appeal* it was held that the provision of the zoning ordinance requiring 20,000 square feet of land for a dwelling in the district in question was a valid exercise of the municipality's power to zone land for residential purposes and to establish reasonable minimum lot requirements. In the instant case the area in question was rezoned requiring the minimum lot size to be 20,000 square feet. The appellee does not contend that such a minimum size requirement is unconstitutional per se but questions the motivation for the change in the ordinance and asserts that the prime purpose of the up-zoning was to protect older, established homes in the rezoned area.

The fact that the rezoning was initiated by residents of the zoned area is not determinative of the validity of the ordinance. Nor can an ordinance be invalidated simply because a zoning board accepts the views advanced in support of the ordinance by a majority of the persons to be primarily affected.

We do not find that the ordinance in question discriminates against appellee's property. The lower court in its opinion noted that only appellee's property is undeveloped, "although a few other landowners on developed large lots may be able to carve out future quarter acre lots for use." The ordinance did not have as its sole purpose an unjust discrimination directed toward appellee's particular piece of property. *See Shapiro v. Zoning Board of Adjustment,* 377 Pa. 621, 105 A. 2d 299 (1954); *Commercial Properties Inc. v. Peternel,* 418 Pa. 304, 211 A. 2d 514 (1965). Nor do we find this case to be one of spot zoning. *Putney v. Abington Township,* 176 Pa. Superior Ct. 463, 108 A. 2d 134 (1954).

This Court is not a super board of adjustment nor a planning commission of last resort. *Di Santo v. Zoning Board of Adjustment,* 410 Pa. 331, 189 A. 2d 135 (1963). The necessity must be clear before there is justification for judicial interference with the municipality's exercise of its zoning power. It is exactly on this point that we believe the lower court fell into error. The lower court in its opinion said: "If after investigating, there is doubt as to whether the regulation is enacted for a recognized police object, or if, conceding its purpose, its exercise goes too far, it becomes the judicial duty to declare the given exercise of the police power invalid."

We believe this is the test that the lower court used in reaching its conclusion that the ordinance was unconstitutional, and we likewise believe it was an incorrect test. It is not the creation of a doubt in the mind of the court that is the proper test of constitutionality. The proper test is that established in *Bilbar Construction Co. v. Easttown Township Board of Adjustment,* 393 Pa. 62, 141 A. 2d 851 (1958), where it was held that a legislative enactment can be declared

void only when it violates the fundamental law clearly, palpably, plainly, and in such manner as to leave no doubt or hesitation in the minds of the court. Former Chief Justice CHARLES ALVIN JONES, writing for the majority of the Court in *Bilbar,* quoted with approval from *Erie & North-East Railroad v. Casey,* 26 Pa. 287 (1856), where it was recognized that "the party who wishes us to pronounce a law unconstitutional takes upon himself the burden of proving, beyond all doubt, that it is so." This is not the test used by the lower court which substituted "doubt" for "beyond all doubt." We cannot approve of the test adopted by the lower court for determining the constitutionality of the ordinance since it is contrary to the test enunciated in *Bilbar, supra,* which is the controlling authority as to the required burden of proof, in order to declare a legislative enactment unconstitutional.

Here the ordinance must be viewed, on the basis of the record and the findings of the Board, as also having as one of its purposes the attainment of homogeneity. Such a purpose is a proper aim of the zoning process. *Appeal of the Russian Orthodox Church of the Holy Ghost of Ambridge,* 397 Pa. 126, 152 A. 2d 489 (1959).

We, therefore, conclude that the zoning ordinance requiring 20,000 square feet of land—less than a half acre—as the minimum lot size for a residential dwelling in the district in question was a valid exercise of the municipality's power since it bore a reasonable relationship to health, safety and general welfare. A clear abuse of discretion on the part of the Board is not present here, nor was an error of law committed.

The order of the Court below is reversed. Costs to be paid by appellee.