## In re Myer's Metered Gas Service, Inc.

*Roda, Morgan, Hallgren & Heinly*, for petitioner. *Windolph, Burkholder & Hartman*, contra.

BUCHER, *J.*, December 11, 1974 —

### CASE SUMMARY

This is a petition by the Penn Township Zoning

Hearing Board to intervene in an appeal taken from its decision in a zoning matter. A rule was granted.

We will discharge the rule.

## FACTS

Appellant (Myer's) appealed to this court from a decision of the Penn Township Zoning Hearing Board (board) denying it a special exception for an airplane landing strip on its premises. Certain protestants appeared at the hearing before the board but have not appeared in this appeal. The board has petitioned to intervene.[1]

## ISSUE

The simple question to be answered is this: May a township zoning hearing board intervene to oppose an appeal from its own decision?

Appellant contends that there is no authority under the Pennsylvania Municipalities Planning Code of July 31, 1968, P.L. 805, 53 PS §10101, or in the Pennsylvania Rules of Civil Procedure governing intervention permitting intervention by the board.

The board contends that there is authority for intervention and cites Edwards Zoning Case, 392 Pa. 188 (1958), and Pennsylvania Zoning Law and Practice, Ryan, §9.5.6.

## DECISION

It is our opinion that the board has no standing to intervene in this appeal. In Hively v. West Manchester Township Zoning Board of Adjustment, 87 York 66 (1973), the court was considering an appeal

---

1. While counsel for the board has stated that the board wishes to defend its decision because no other party is opposing the appeal, the record discloses that Penn Township has in fact intervened.

by a property owner from a decision of the township zoning board granting a variance. The court stated: "We note preliminarily that counsel for the Zoning Board appeared and submitted argument on behalf of the Board as appellee in this appeal. The proper appellee would have been the applicant to whom the variance was granted. A Zoning Board has no standing to appear as a party in an appeal from its own decision."

In Edwards, cited by petitioner, the Supreme Court said: "As the appellee, Edwards, correctly points out, the board of adjustment has no right of appeal to this Court. . . While the commissioners of a first class township may appoint counsel to represent the board of adjustment and to defend its decisions in any appeal to court therefrom, Act of September 7, 1955, P.L. 563, 53 PS §58107.2, a board of adjustment has no such direct and substantial interest in the subject matter of particular litigation as would give it standing to seek appellate review."

The limited right of a first class township to defend its decisions in common pleas has since been denied by the repeal of the aforesaid Act of September 7, 1955. See section 1201 of the Pennsylvania Municipalities Planning Code (code).

There is nothing in the code giving a zoning board the right to appeal or intervene in an appeal proceeding to defend its decision. See sections 1001, 1004, 1005, 1006, 1007 and 1009 of Act of June 1, 1972, P.L. 333 (No. 93), 53 PS §§11001, 11004, 11005, 11006, 11007 and 11009.

Section 1009 of the code provides that "the municipality and any owner or tenant of property directly involved in the action appealed from may intervene." This section also provides that "All other intervention shall be governed by the Rules of Civil Procedure." Pa. R.C.P. 2327(3) provides that a person not a party to an action may intervene if

"(3) such person could have joined as an original party in the action or could have been joined therein."

While there is some language in Ryan, Pennsylvania Zoning Practice, indicating that boards have standing to appeal in certain situations (see sec. 9.5.6), there is no authority cited for intervention under the facts of this case.

### ORDER

And now, December 11, 1974, for the foregoing reasons, the rule to show cause why Penn Township Zoning Hearing Board should not be permitted to intervene is hereby discharged.