Roy H. Grove, Jr. and Shirley R. Grove, his wife, Appellants *v.* Zoning Hearing Board of Thornbury Township and James Greer, Appellees.

Argued September 28, 1978, before Judges CRUM-LISH, JR., DISALLE and MACPHAIL, sitting as a panel of three.

*William L. McLaughlin,* for appellants.

*Fronefield Crawford, Jr.,* for appellee, James R. Greer.

*Sondra K. Slade,* with her, of counsel, *Pepper, Hamilton & Scheetz,* for appellee, Township of Thornbury.

OPINION BY JUDGE DISALLE, January 18, 1979:

We have before us two appeals filed by Roy H. Grove, Jr., and his wife, Shirley R. Grove (Appellants), from separate orders of the Court of Common Pleas of Delaware County. The lower court's order, dated March 2, 1977, denied Appellants' appeal and affirmed the decision of the Zoning Hearing Board of Thornbury Township (Board) granting a special exception to James R. Greer (Landowner). The lower court's order, dated June 13, 1977, required Appellants to post an additional bond of $2,000.00, making the total amount of the bonds to be posted $4,000.00. The two appeals have been consolidated here for our determination.

Landowner originally appealed to the Board for a variance or special exception to erect a two-story addition to his dwelling house which would extend an additional nine feet two inches into the side yard setback. On January 13, 1976, after a hearing, the Board granted a special exception. Appellants, adjoining property owners, appealed the decision to the court below. Notice of this appeal was served upon Landowner on February 17, 1976. Thereafter, the Township intervened in defense of the decision of its Board. On April 14, 1976, Landowner petitioned to intervene nunc pro tunc. The lower court granted this petition on August 6, 1976. Prior thereto, Landowner had petitioned the lower court to require Appellants to post

bond pursuant to Section 1008(4) of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §11008(4). After hearings on the petition, and pursuant to the court's order, Appellants posted a $2,000.00 bond on September 1, 1976. On March 2, 1977, the court sustained the Board's decision granting the special exception, and on March 25, 1977, Appellants filed an appeal to this Court. Landowner then filed a Petition to Increase Bond before the court below on April 29, 1977. The petition was granted on June 13, 1977, and Appellants, without posting the bond, timely appealed to this Court. Subsequently, Landowner filed a motion to quash both appeals. We will consider the issues raised in each appeal separately.

As has been indicated, after Appellants had taken their appeal to this Court, the lower court considered and granted Landowner's petition to increase the bond which had originally been posted. In so doing, the court below stated that since the imposition and regulation of a bond is ancillary to the merits of the zoning appeal, and since no appeal had been taken from the initial imposition of bond, it had both the jurisdiction and authority to increase that bond. We disagree.

In the first place, we consider it of no consequence that Appellants did not appeal from the setting of the original bond at $2,000.00. Landowner's petition to increase the bond was a separate and distinct matter; in no way did it relate back or amount to a continuation of the prior bond determination. Furthermore, even if the court below was vested with authority to increase the bond originally posted, this authority terminated upon Appellants' perfection of the appeal of the March 2, 1977 order.

The general rule, and time-honored maxim, is that after an appeal has been taken, the lower court may

no longer proceed further in the matter. Pa. R.A.P. 1701(a). The exceptions to this rule, which the court below construed as authorizing its present action, are provided for in Pa. R.A.P. 1701(b). Pertinently, it is stated therein:

> (b) Authority of lower court or agency after appeal. After an appeal is taken . . . the lower court . . . may:
>> (1) Take such action as may be necessary to preserve the status quo, correct formal errors in papers relating to the matter, cause the record to be transcribed, approved, filed and transmitted, grant leave to appeal in forma pauperis, grant supersedeas, and take other action permitted or required by these rules *or otherwise ancillary to the appeal.* . . .
>
> (Emphasis added.)

As measured by the language of this Rule, the action taken by the lower court was neither authorized by any rule, nor was it ancillary to the appeal. Therefore, Landowner's motion to quash is refused and the order imposing additional bond is reversed.

We will next consider the appeal from the order sustaining the Board's grant of a special exception to Landowner. Appellants raise several arguments, both procedural and substantive, to support their position that the order should be reversed. We will address these arguments seriatim.

Appellants first contend that Landowner should not have been permitted to intervene nunc pro tunc. Specifically, they argue that in failing to intervene within thirty days after receiving notice of their appeal, Landowner was precluded from any further participation in the action. Section 1009 of the MPC, 53 P.S. §11009, permits an owner of property to intervene *as of course* within thirty days from the filing

of a zoning appeal. That Section also provides that "[a]ll other intervention shall be governed by the Rules of Civil Procedure." Pa. R.C.P. No. 2327 permits a person to intervene at any time during the pendency of an action if, *inter alia*, the determination of such action may affect any legally enforceable interest of such person. Certainly, then, the right of the present landowner to intervene must be recognized. Here, his petition to intervene was filed prior to the case being listed for argument in the lower court. There was no unreasonable delay on the part of Landowner, nor were Appellants prejudiced in any manner. The court below, in permitting the intervention nunc pro tunc, did not abuse its discretion.

Appellants next contend that it was improper for the Township to intervene, as there was no valid Township interest to be protected. They further argue that they were denied due process of law by reason of the Township's intervention. As to the former contention, Section 1009 specifically permits a municipality to intervene as of right within thirty days from the filing of the appeal. Since the Township intervened within the thirty day period, Appellants' argument is clearly specious. *See Schechter v. Zoning Board of Adjustment,* 395 Pa. 310, 149 A.2d 28 (1959) ; *see also Lower Paxton Township v. Fiesler Neon Signs,* 37 Pa. Commonwealth Ct. 506, 391 A.2d 720 (1978). Relying on *Limekiln Golf Course, Inc. v. Zoning Board of Adjustment of Horsham Township,* 1 Pa. Commonwealth Ct. 499, 275 A.2d 896 (1971), Appellants premise their due process violation argument upon the fact that the solicitor for the Board subsequently became the solicitor for the Township. *Limekiln* is inapposite, however, since the solicitor in that case was acting as legal counsel for the Board and the Township coterminously. In the instant case, the solicitor resigned her position with the Board after it had rendered its

decision, she having been appointed solicitor for the Township. Furthermore, the Township took no position nor was it represented before the Board. Given this factual matrix, there was no due process violation. *Marzo v. Zoning Hearing Board of Abington Township,* 30 Pa. Commonwealth Ct. 225, 373 A.2d 463 (1977).

Finally, Appellants argue that there was no legal or factual basis for the granting of the special exception. Again, we must reject this claim. Section 1405 (2)(b) of the Ordinance, Thornbury, Pennsylvania (1944), provides, with respect to the non-conforming buildings or uses:

> (b)   A building constituting a non-conforming use may be extended upon the lot occupied by such building held in single and separate ownership at the effective date of this Ordinance when authorized as a special exception by the Board of Adjustment.

The house in question does not conform to the requirements of the Ordinance by virtue of its placement. The record reveals that the topography of the land and the floor plan of the house render the proposed addition architecturally unfeasible in any location other than that proposed. The burden was upon Appellants, therefore, to establish that the proposed addition was adverse to the public health, safety, or welfare. *Copeechan Fish and Game Club v. Zoning Hearing Board of North Whitehall Township,* 32 Pa. Commonwealth Ct. 415, 378 A.2d 1303 (1977). The lower court determined that Appellants failed to sustain their burden. Our scope of review in cases where additional evidence and testimony is received by the lower court is to determine whether the court, rather than the Board, committed an abuse of discretion or error of law in granting the special exception. *Baird v. Zoning Board of Adjustment of Slippery Rock Bor-*

*ough*, 20 Pa. Commonwealth Ct. 236, 340 A.2d 904 (1975). We cannot determine that the Board has so acted. Consequently, we affirm.

Judge MacPHAIL concurs in the result only.

### ORDER

AND Now, this 18th day of January, 1979, the motion to quash filed by James R. Greer is denied. The order of the Court of Common Pleas of Delaware County, dated March 2, 1977, approving the granting of the special exception is affirmed and the order, dated June 13, 1977, increasing the bond is reversed.