Blair A. Gilbert *v.* Montgomery Township Zoning Hearing Board and Montgomery Township. Montgomery Township, Appellant.

Argued March 5, 1981, before President Judge CRUMLISH and Judges BLATT and CRAIG, sitting as a panel of three.

*Emory W. Buck*, with him *William R. Cooper*, and *Stewart J. Greenleaf, Cooper & Greenleaf*, for appellant.

*Marc D. Jonas, Hamburg, Rubin, Mullin & Maxwell*, for appellee.

OPINION BY JUDGE CRAIG, April 7, 1981:

This is an appeal by Montgomery Township from the order of the Court of Common Pleas of Montgomery County which reversed the Montgomery Township Zoning Hearing Board's denial of applicant Blair Gilbert's request for a special exception.

Applicant sought a special exception permitting storage of tires in two truck trailers on his commercially zoned lot. After a hearing, in which the township did not participate, the board denied the special exception and applicant appealed to the common pleas court; the township did not appear or intervene in that appeal. Without taking evidence, the common pleas court reversed the board's decision on December 19, 1979.

On January 10, 1980, Attorney Cooper filed a notice of appeal to this court as attorney for the board; on January 17, Mr. Cooper filed a second notice of appeal, this time as attorney for the township. Applicant has moved to quash this appeal on the ground that the township has no standing because it was not a party to the common pleas court proceedings. That the zoning hearing board has no standing to appeal is beyond question.[1]

Thus the first issue is: Does a municipality have standing to invoke this court's review of the common pleas court's reversal of its zoning hearing board, when it did not participate in the proceedings before its zoning hearing board or intervene in the aggrieved applicant's appeal to the common pleas court?

The cases the township cites as supporting an affirmative answer are distinguishable on their facts or inapplicable because they were not decided under the Pennsylvania Municipalities Planning Code (MPC).[2]

In *Norate v. Zoning Board of Adjustment*, 417 Pa. 397, 207 A.2d 890 (1965), the challenge was to the municipality's standing as an appellee and not as appellant. The Supreme Court there cited *Schechter v. Zoning Board of Adjustment*, 395 Pa. 310, 149 A.2d 28 (1959), holding that the appellant municipality should not have been denied intervention in the lower court, and *Edwards Zoning Case*, 392 Pa. 188, 140 A.2d 110 (1958), where the court treated the municipality as substituted for the board as appellant. In *Edwards*, however, the municipality was represented in the common pleas court, albeit by the same attorney who represented the board, and that attorney, although instructed to appeal by township of-

---

[1] *Lansdowne Borough Board of Adjustment's Appeal*, 313 Pa. 523, 170 A. 867 (1934).

[2] Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §10101 *et seq.*

ficials, purported to obtain review in the name of the board. Those circumstances do not exist here; the township took no part in the board or common pleas court proceedings.[3]

*Springfield Township Zoning Case*, 399 Pa. 53, 159 A.2d 684 (1960), is inapposite because there the objector-appellee did not challenge the municipality's standing in any way; further, the township had been a party in the lower court. The court's reference to *Edwards, supra*, served only to emphasize that the board had no standing as an appellant and that, in circumstances like those in *Edwards*, the municipality may be the real party in interest in a valid appeal by the township mistakenly taken in the board's name.

In *Yocum Zoning Case*, 393 Pa. 148, 141 A.2d 601 (1958), the applicant-appellee did not challenge the municipality's standing as appellant, and the opinion does not reveal the nature of the municipality's participation below. The court's sole reference to this issue was in a footnote where the court indicated that the joint appeal of the board and the township would be treated as if the municipality alone had perfected the appeal.

In *Crafton Borough Appeal*, 409 Pa. 82, 185 A.2d 533 (1962), we do have a case in which the court declined to quash the municipality's appeal despite the municipality's non-participation in the lower court. However, we consider that case not to be controlling because it antedated the MPC provisions analyzed below.

The township submits that, because §908(3) of the MPC, 53 P.S. §10908(3), deems the municipality to be a party to hearings of the zoning board, the

---

[3] We note that Attorney Buck, who appears with Mr. Cooper on the township's brief, served as solicitor to the board at its hearing.

municipality is thereby afforded standing to appeal from the common pleas court. We cannot read that section in accordance with the township's view that the municipality, being statutorily deemed to be a party before the board, should automatically be an appellee on the record of the common pleas court when another party has appealed thereto.

The township's interpretation would render MPC §1009, 53 P.S. §11009, a nullity insofar as it grants municipalities intervention upon notice into any zoning appeal to the common pleas court. We cannot presume the legislature to have intended by §908(3) to confer automatic party status in the common pleas court and then to have redundantly afforded intervention as a right upon notice.

Where another party (such as an objector) has appealed from board to court, Section 1009 treats the municipality just as it treats "any owner" (or tenant) of property directly involved, by affording both the right to intervene as of course. Thus there is a strong implication that neither one is automatically an appellee before the court, even though, in many cases, the property owner may have been the original appellant party before the board.

Moreover, the law is clear that objecting private citizens, although as clearly entitled as the municipality to become parties in the common pleas court under §1009 by its terms or by its incorporation of intervention under the Rules of Civil Procedure, have no right to appeal further where they have not intervened below. *Dethlefson Appeal*, 434 Pa. 431, 254 A.2d 6 (1969); *Schatz v. Upper Dublin Township Zoning Hearing Board*, 21 Pa. Commonwealth Ct. 112, 343 A.2d 90 (1975); *Borough of Malvern v. Agnew*, 11 Pa. Commonwealth Ct. 285, 314 A.2d 52 (1973).

Interpreting §908(3) to confer standing in this court without regard to party status in the common pleas

court would be inconsistent with our decisions in *Schatz, Malvern* and *Frank, all supra.* In *Malvern,* in quashing an objector's appeal because the objector had not been a party to the board or common pleas court proceeding, we stated that "[e]ven assuming arguendo that ... [objectors] were parties before the board, neither one appealed or intervened in the matter before the lower court." 11 Pa. Commonwealth Ct. at 290, 314 A.2d at 54.

That language, although dictum, is fully consistent with the Supreme Court's decision in *Dethlefson, supra,* that an objector who has

> [n]ever ... been a party before the lower court ... can not now obtain appellate review....
>
> There is but one way to become a party litigant in court and that is by appearing in the proceedings. (Citations omitted.)

434 Pa. at 433, 254 A.2d at 7.

We hold, therefore, that a municipality will have standing to bring a zoning appeal to this court only if it properly becomes a party before the lower court, as an appellant or intervenor. Our conclusion is consistent with sound judicial administration principles; for consistency, the party pursuing appellate review should be one of the parties who developed the record and decision to be reviewed.

However, because our holding has not been clearly foreshadowed by the case law, which might arguably be read to the contrary,[4] we will apply this holding

---

[4] This court's cases which have touched on the issue have not directly addressed the question here.

*Philadelphia v. Earl Schieb Realty Corp.,* 8 Pa. Commonwealth Ct. 11, 301 A.2d 423 (1973), *Hauck v. Wilkes-Barre City Zoning Board,* 2 Pa. Commonwealth Ct. 76, 276 A.2d 576 (1971), and *Robert Louis Corp. v. Board of Adjustment of Radnor Township,* 1 Pa. Commonwealth Ct. 292, 274 A.2d 551 (1971), were all decided under the MPC as it stood before the 1972 amend-

only prospectively. *Schreiber v. Republic Intermodal Corp.*, 473 Pa. 614, 622, 375 A.2d 1285, 1289 (1977). Accordingly, this holding shall be applicable only to cases arising out of zoning hearing board decisions (or governing body decisions under the MPC) issued thirty or more days after the filing date of this opinion, so that it will be available for the guidance of municipalities at the initial point of their consideration of intervention in courts of common pleas.

We therefore will not quash this appeal but will turn to the merits.

---

ment which concerns us here. Further, those cases relied on *Edwards, supra,* which we have already distinguished.

We believe cases where the municipality has been substituted or treated as substituted as the real party in interest, such as *Edwards,* are not likely to reoccur. The problem of a municipality appealing under the board's name most likely arose under the older practice where the board and the township were represented, before the board and in the lower court, by one and the same attorney; because this practice has been disapproved where the municipality is adverse to a party before the board, *Horn v. Township of Hilltown,* 461 Pa. 745, 337 A.2d 858 (1975), in most situations the board and municipality will have separate counsel and the inadvertent denomination of the board as appellant will not result. *See* footnote 3, *supra.*

In *Zoning Board of Adjustment of Philadelphia v. Liberty Bell Medical Center,* 17 Pa. Commonwealth Ct. 213, 331 A.2d 242 (1975), there was no challenge to the municipality's standing; the only reference to the issue was a passing one in a footnote.

*Marzo v. Zoning Hearing Board of Abington Township,* 30 Pa. Commonwealth Ct. 225, 373 A.2d 463 (1977), involved only a question of a municipality's standing to intervene in this court as an appellee.

In *Grove v. Zoning Hearing Board of Thornbury Township,* 40 Pa. Commonwealth Ct. 47, 397 A.2d 22 (1979), we upheld the lower court's allowance of intervention, in an objector's appeal to the common pleas court, by the municipality and by the successful applicant; there was no question as to standing in this court. We note that those parties' intervention in the lower court constituted the proper course under MPC §1009.

Because the lower court took no evidence, we review the board's action to determination whether it erred in law or abused its discretion.

The lower court reversed the board because of legal error in the board's interpretation of Section 700 of the township's zoning ordinance, which provides pertinently:

Section 700. Use Regulations. A building may be erected, altered or used and a lot may be used or occupied for any of the following purposes and no other;

....

I. The following uses when authorized as a Special Exception:

....

3. Sales agency for new automobiles, service and repair shop, gasoline filling station, storage and public garage, including used car sales as an accessory use.

....

6. Wholesale establishments, warehousing or merchandise, sale of building materials.

Applicant's existing use of the property is by way of special exception under clause 3; the application in question is one under clause 6.

The board denied the application on the ground that Section 700 precludes more than one principal use on a given lot and likewise requires any use in the commercial district to be enclosed within a building. We agree with the lower court that such an interpretation is in error.

First, we cannot read "any of the following" to mean "any *one* of the following"; the common and ordinary usage of "any" is not so narrow as the township contends. Moreover, absent express limitation, permissive phrases in zoning ordinances are given their broadest meaning, *Kopelman v. Zoning Hearing Board*

*of New Kensington*, 55 Pa. Commonwealth Ct. 306, 423 A.2d 761 (1980); *Brunner v. Upper Makefield Township Zoning Hearing Board*, 12 Pa. Commonwealth Ct. 109, 315 A.2d 359 (1974), and any ambiguities are resolved in favor of the landowner. *Heck v. Zoning Hearing Board for Harveys Lake Borough*, 39 Pa. Commonwealth Ct. 570, 397 A.2d 15 (1979).

Similarly, the township's position as to enclosure of uses is not supported by the language of Section 700; even aside from the above principles of construction, the township's interpretation completely ignores the permissive language that "a *lot* may be used or occupied...." (Emphasis added.)

The township also contends that the common pleas court improperly considered whether the tire storage might have been granted as accessory to the clause 3 use, which was not the nature of applicant's request to the board. We must reject that contention because the court clearly based its decision on the interpretation of Section 700, and we believe its remarks regarding the accessory use provisions served only to demonstrate that the interpretation we approve is consonant with the spirit of the ordinance.

Because of the legal error in the board's interpretation, the court properly ordered the issuance of the requested permit, and we affirm.

ORDER

AND Now, April 7, 1981, the December 19, 1979 order of the Court of Common Pleas of Montgomery County at No. 79-15053 is affirmed.

This decision was reached before the expiration of the term of office of Judge WILKINSON, JR.