Zoning Board of Adjustment of the City of Philadelphia, Appellant *v.* Herman Libros, Pearl Libros and William W. Lane, Appellees.

486

Argued December 15, 1982, before Judges BLATT, WILLIAMS, JR. and DOYLE, sitting as a panel of three.

*Barbara S. Gilbert,* Chief Assistant City Solicitor, with her, *Jill A. Douthett,* Deputy City Solicitor, and *Alan J. Davis,* City Solicitor, for appellant.

*John M. Burns,* with him, *Gilbert Newman, Shralow & Newman, P.C.,* of counsel: *Arthur S. Karafin,* for appellee.

OPINION BY JUDGE DOYLE, October 16, 1984:

This matter is before us on reconsideration of our order quashing the appeal of the Zoning Board of Adjustment of the City of Philadelphia from an order of the Court of Common Pleas of Philadelphia County which reversed a decision of the Zoning Board of Adjustment (Zoning Board). The Zoning Board had denied a Use Registration Permit for a property located at 4817-19 Mulberry Street in Philadelphia.

The property in question is situated in an R-9 residential zoning district and consists of eighty-five garages constructed in 1925. Neither the physical structure of the garages nor their use is in conformity with the Philadelphia Zoning Code (Code). In 1974, the Philadelphia Department of Licenses and Inspections issued notice of violation for maintaining the garages without a Use Registration Permit as required by the Code. Appellees thereupon applied for a permit which was denied. Appeal was taken to the Zoning Board which treated the application as a request for a variance and denied the permit. Appeal was taken to the court of common pleas and prior to hearing, the parties stipulated to a remand for consideration of whether the permit should be granted as a preexisting nonconforming use. Following a second hearing by the Zoning Board, the permit was again denied. Appeal to the court of common pleas followed and the Zoning Board was reversed. Appeal to this Court followed.

On initial consideration by this Court, we noted that the appeal from the court of common pleas decision was prosecuted by the Zoning Board, contrary to our decision in *National Development Corporation v. Township of Harrison*, 64 Pa. Commonwealth Ct. 54, 438 A.2d 1053 (1982), in which we held that a zoning board has no standing to appeal a reversal of its

decision by a court of common pleas. We consequently ordered the appeal quashed. That order was in error.

We announced the rule applied in *National Development* in our opinion in *Gilbert v. Montgomery Township Zoning Hearing Board,* 58 Pa. Commonwealth Ct. 296, 427 A.2d 776 (1981), but determined that it should only be applied prospectively, "applicable only to cases arising out of zoning hearing board decisions (or governing body decisions under the MPC) issued thirty or more days, after the filing date of this opinion . . ." *Id.* at 302, 427 A.2d at 780. *Gilbert* was filed on April 7, 1981; the Zoning Board decision in the case at bar was issued on July 2, 1980, although the order of the common pleas court was not filed until December 30, 1981.

Accordingly, we vacate our order quashing the appeal and reconsider the instant matter on its merits.

Our review in zoning cases where the court of common pleas takes no additional evidence is to determine whether the zoning board has abused its discretion or committed error of law, or whether the board's findings of fact are supported by substantial evidence. *Butch v. East Lackawannock Township Zoning Appeal Board,* 75 Pa. Commonwealth Ct. 33, 460 A.2d 923 (1983).

Section 14-104 of the Philadelphia Code provides that a nonconforming use which existed prior to August 10, 1933 may be continued so long as it is not abandoned. The evidence of record in the instant case, together with the Zoning Board's own findings indicate that the garages in question were quickly rendered obsolete when their small size could not house the longer and wider automobiles manufactured soon after the garages were constructed. Uncontro-

verted evidence and the Zoning Board's own findings establish that prior to 1933, the garages had been used for general storage and as small industrial and repair shops. No contention is raised that such use has been discontinued or abandoned.

The Zoning Board determined, however, that the Appellees had failed to establish a nonconforming use because it had not been proven that each specific use to which the garages are now put had been a use existing prior to 1933. In fact, the Zoning Board asserts, such cannot be proven because some of the items now stored in the garages had not been invented until after 1933.[1] The Board's application of the law of nonconforming uses is too narrow and is in error.

We are not confronted here with an aggregation of many properties on each of which a preexisting nonconforming use must be established. Rather we have a single property which is used commercially in the rental of small structures thereon for storage and light industrial purposes. The law does not require it to be shown that each garage is used today to store exactly the same items or kinds of items which were stored prior to 1933. Nor does it require that the light industry or repair work which occurs on the premises be precisely identical to what occurred before 1933. What is required to be shown is that the overall use of the property for the rental of facilities for storage and light industrial purposes has not been significantly altered since before 1933.

The evidence of record here amply demonstrates that the current use of the premises qualifies as a pre-existing, nonconforming use. While the items stored

---

[1] For example, travel trailers, snowmobiles and rotary lawn-mowers.

in the garages today are newer and perhaps different items, the use of the garages for personal storage has remained constant. And while the repair work or light manufacturing work currently undertaken may involve different products, and perhaps improved technology, it does not involve significantly greater capital equipment or greatly expanded operations, such that the rental of the garages for these purposes constitutes a new use.

Accordingly, we affirm.

### ORDER

Now, October 16, 1984, this Court's previous Order in the above captioned matter, dated April 4, 1983, is hereby vacated.

The Order of the Court of Common Pleas of Philadelphia County, in this matter, dated December 30, 1981, is hereby affirmed.