Daniel F. DeCaro and Shirley J. DeCaro, his wife, Appellants, *v.* Washington Township, Berks County, Pennsylvania, Hyde W. Ballard, Ralph H. Gehman and Franklin Renninger, Appellees.

Argued June 4, 1975, before President Judge BOW-
MAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR.,
MENCER, ROGERS and BLATT.

*John A. Koury*, with him *R. Mark Faulkner*, and
*O'Donnell, Weiss, Mattei, Eschbach, Suchoza & Koury*,
for appellants.

*Arthur Ed. Saylor,* with him *Edelman, Schaeffer, Saylor, Readinger & Poore,* for appellees.

OPINION BY JUDGE KRAMER, September 23, 1975:

This is an appeal filed by Daniel F. DeCaro (and his wife) from a decision of the Court of Common Pleas of Berks County dismissing DeCaro's appeal from a refusal by the Washington Township Board of Supervisors to adopt a curative amendment to the Township's zoning ordinance. The sole issue presented is whether a three-acre minimum lot size zoning requirement is unconstitutional under the facts of this case. We hold that it is not.

DeCaro owns approximately 150 acres within the Township and desires to subdivide 16 of those acres into six lots, to be known as Robin Hill. Two lots of more than three acres each have been sold. The remaining four lots are each less than three acres. At the time DeCaro purchased the acreage, the Township's zoning ordinance classified the property as "R-1 Rural Conservation District" and required (as it still does) a mimimum lot size of three acres. The zoning ordinance also provides for other residential usages with mimimum lot sizes running to as low as 10,000 square feet.[1] Of the 9,000 acres in the Township, about 50 percent is classified R-1, and, of the remaining land, approximately 2,800 acres are available for development in areas requiring lot sizes of 40,000 square feet or less. It is estimated only 800 acres will be required to meet the demand (including increasing population) for development over the next 35

---

1. The minimum lot sizes in the zoning ordinance are:
    (a) R-1, three acres
    (b) R-2, 40,000 square feet, with on-site sewer; 40,000 square feet with off-site sewer or water service; and 20,000 square feet with off-site sewer and water service
    (c) R-3, 15,000 square feet
    (d) R-4, 10,000 square feet

years. Ninety percent of the Township is unsuitable for on-site sewage disposal systems.

DeCaro filed a challenge together with a proposed curative amendment and plans for the development under the provisions of sections 609.1 and 1004 of the Pennsylvania Municipalities Planning Code (MPC).[2] The challenge was based solely upon the alleged unconstitutionality of section 201.2 of the zoning ordinance. Specifically, DeCaro claimed that "a minimum lot size of three (3) acres is unconstitutional in that it bears no substantial relation to the public health, safety, and welfare, and is, therefore, an unreasonable restriction upon use or development of land." A hearing was held before the Board of Supervisors at which DeCaro did little more than reiterate the allegation of his challenge. Although the proposed curative amendment suggested amending the zoning ordinance to provide a one-acre minimum lot size for all R-1 zoned property in the Township, DeCaro limited his testimony to the Robin Hill development. DeCaro's expert witness did not support the proposed curative amendment and offered three alternative "schemes," two of which he did not recommend and the third of which he recommended only if sanitary sewers were available. He also conceded that because of the slopes and valleys of the terrain in the R-1 district of the Township, it would not be feasible to develop some of the land on less than three acres.

The Board of Supervisors filed an extensive report in which it concluded, among other things, that (1) the acreage zoned R-1 was unsuitable for residential development; (2) the zoning ordinance provisions were made for residential land usages which adequately accommodate the projected population growth; and (3) there was sufficient developable land outside the R-1 zone to meet existing

---

2. Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §§10609.1 and 11004.

and projected demand. Upon appeal, the court below, without receiving additional testimony or evidence, dismissed the appeal of DeCaro.

DeCaro argues that the three-acre minimum lot size requirement of the zoning ordinance is unconstitutional in light of our Supreme Court's holdings in *National Land and Investment Company v. Easttown Township Board of Adjustment*, 419 Pa. 504, 215 A. 2d 597 (1965) and *Concord Township Appeal*, 439 Pa. 466, 268 A. 2d 765 (1970).

Where the court below has not received additional evidence or testimony, our scope of review is limited to determining whether the finder of fact (here the Board of Supervisors) abused its discretion or committed an error of law. *National Land, supra.*

Recently this Court has set guidelines for litigation arising out of the curative amendment approach to challenges to zoning ordinances under section 609.1 and 1004 of the MPC. *See Ellick v. Board of Supervisors of Worcester Township,* 17 Pa. Commonwealth Ct. 404, 333 A. 2d 239 (1975). In *Ellick* we pointed out that a zoning ordinance is still presumed valid and constitutional, and that anyone challenging an ordinance has a heavy burden of proving otherwise. *Bilbar Construction Company v. Easttown Township Board of Adjustment,* 393 Pa. 62, 141 A. 2d 851 (1958); *Surrick v. Zoning Hearing Board of the Township of Upper Providence,* 11 Pa. Commonwealth Ct. 607, 314 A. 2d 565 (1974) and *Hodge v. Zoning Hearing Board of West Bradford Township,* 11 Pa. Commonwealth Ct. 311, 312 A. 2d 813 (1973).

There can no longer be any doubt that a scheme of zoning *that has an exclusionary purpose or effect* is not acceptable in Pennsylvania, and that, absent some extraordinary justification, such an ordinance cannot be upheld. Municipalities in this State can no longer use zoning ordinances to "keep out people" or for selective admission. Municipalities must meet the challenge of population

growth, must accept their fair share of expanding housing developments, and may not use a lack of sewage as a cover for exclusionary zoning. *See Township of Willistown v. Chesterdale Farms, Inc.,* Pa. , 341 A. 2d 466 (1975).

We are reminded, however, that once the finder of fact in a zoning case reaches a conclusion, the function of the reviewing court is to examine the evidence submitted to the fact finder to determine whether the result is supported by the facts and the law. The question is not whether the appellate courts would have reached the same result, but, rather, whether the fact finder's determination was arbitrary and contrary to the weight of the evidence. *See Gilden Appeal,* 406 Pa. 484, 178 A. 2d 562 (1962).

After studying the *National Land* and *Concord* opinions, we conclude that minimum lot sizes are not unconstitutional *per se.*[3] In *National Land,* the Court said:

"Every zoning case involves a different set of facts and circumstances in light of which the constitutionality of a zoning ordinance must be tested. Therefore, it is impossible for us to say that any minimum acreage requirement is unconstititional per se." 419 Pa. at 523, 215 A. 2d at 607-8.

Thus, we start with a presumption that the three-acre minimum lot size required in this zoning ordinance is constitutional and the burden was upon DeCaro to prove otherwise. *National Land, supra.* To carry this burden, DeCaro had to prove that the three-acre requirement

---

3. In this connection we note that the Supreme Court, in *Concord,* stated: "[a]bsent some extraordinary justification, a zoning ordinance with minimum lot sizes such as those in this case [two and three acre minimums] is completely unreasonable." 439 Pa. at 471, 268 A. 2d at 767. In that same case, however, the Court also said: "[w]e do not intend to say, of course, that minimum lot size requirements are inherently unreasonable." 439 Pa. 470, 268 A. 2d 766.

bears no reasonable relationship to the protection of the public health, safety, or welfare, and that it had an exclusionary purpose or effect. This he did not do. In fact, DeCaro did little more than assert the *National Land* and *Concord* were controlling.[4]

*National Land* and *Concord* contain reference after reference to the *exclusionary effect* of the ordinances under attack. In both of those cases there was indisputable evidence that the municipalities were refusing to accommodate their fair share of the population growth of a large metropolitan area. It was *the exclusionary purpose and effects* of the ordinances that were condemned by the Supreme Court in those cases. In the instant case there is *no* evidence to support an argument that there is an anticipated population growth beyond that which can be accommodated under present zoning, with minimum lot sizes as low as one-quarter acre prevailing in most of the Township. The fact finders found that, with over 2,800 acres of developable land presently requiring lot sizes of 40,000 square feet or less, only 800 acres will be needed to accommodate the growth anticipated by the year 2010 A.D. DeCaro merely wants to carry out his personal desire to develop Robin Hill, which is fortuitously less hilly than all of the other R-1 zoned land in the Township.

As we read the ordinance, it was not designed to keep people out of Washington Township. On the contrary, this ordinance appears to be designed to allow people in—but in an orderly manner which respects the other interests with which the municipal governing body is justifiably concerned.[5]

---

4. Interestingly, although DeCaro's proposed curative amendment suggests one-acre minimum lot sizes for all of the R-1 land in the Township, none of the six lots in Robin Hill are less than two acres.

5. This thought was closely paralleled by Justice ROBERTS in *National Land, supra,* where he said:

"A zoning ordinance whose primary purpose is to prevent the entrance of newcomers in order to avoid future burdens,

In summary we hold that DeCaro failed to meet his burden of proving that the three-acre minimum lot size required in the R-1 district is unconstitutional. The mere assertion of the minimum lot size is not sufficient to support a challenge based on unconstitutionality under sections 609.1 and 1004 of the MPC. Therefore, we affirm the decision of the court below.

---

DISSENTING OPINION BY JUDGE BLATT:

I must respectfully dissent. As I read *Concord Township Appeal*, 439 Pa. 466, 268 A.2d 765 (1970) and *National Land Investment Company v. Easttown Township Board of Adjustment*, 419 Pa. 504, 215 A.2d 597 (1965), zoning for minimum residential lot sizes of two, three, and four acres is strongly suspected as an improper exercise of police power. Justice ROBERTS makes the point succinctly for the majority in *Concord*:

"As we pointed out in National Land, there are obvious advantages to the residents of a community in having houses built on four—or three—acre lots. However, minimum lot sizes of the magnitude required by this ordinance are a great deal larger than what should be considered as a *necessary* size for the building of a house, and are therefore not the proper subjects of public regulation. As a matter of fact, a house can fit quite comfortably on a one-acre lot without being the least bit cramped. Absent some extraordinary justification, a zoning ordinance with minimum lot sizes such as those in this case is completely unreasonable." 439 Pa. at 471, 268 A.2d at 766-767. (Emphasis in original.) (Footnote omitted.)

---

economic and otherwise, upon the administration of public services and facilities can not be held valid. Of course, we do not mean to imply that a governmental body may not utilize its zoning power in order to insure that the municipal services which the community requires are provided in an orderly and rational manner." 419 Pa. at 597, 215 A. 2d at 612.

It seems clear to me and Mr. Justice POMEROY pointed out in his dissenting opinion in *Concord* that the majority opinion there requires, upon challenge to the zoning ordinance, that when a landowner has demonstrated that his property is subject to minimum lot restriction of such suspect size, the burden then shifts to the municipality to present constitutionally legitimate justification for the zoning ordinance if that ordinance is to withstand attack.

In the case at hand Daniel F. DeCaro clearly has been subjected to three-acre minimum lot size zoning, and yet the majority opinion does not require that Washington Township, where the property is located, advance any justification whatever as to why the minimum lot zoning is a proper exercise of the Township's police powers. The result reached by the majority appears to me, therefore, to be inconsistent with *Concord* and I must dissent.