In Re: Appeal of B-K Properties. B-K Properties, Appellant.

Argued April 3, 1979, before President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, DISALLE, CRAIG and MACPHAIL. Judges ROGERS and BLATT did not participate.

643

*Holbrook M. Bunting, Jr.,* with him *Trevaskis, Calhoun, Slama, Bennett & Bunting,* for appellant.

*Thomas G. Gavin,* for appellee.

OPINION BY JUDGE MENCER, September 13, 1979:

B-K Properties, the equitable owner of approximately 78 acres of land situate in Tredyffrin Township, Chester County, has appealed from an order of the Court of Common Pleas of Chester County dismissing its appeal from a report of the Zoning Hearing Board of Tredyffrin Township (Board). B-K Properties challenged the validity of the Tredyffrin Township Zoning Ordinance and Map, and both the Board and the court below rejected the challenge, concluding that B-K Properties had failed to carry its burden relative to a validity challenge.

We have carefully examined the record and affirm the appealed order of the Court of Common Pleas of Chester County on the opinion of Judge LEONARD SUGERMAN, which is reported at 26 Chester Co. Reports 246 (1978).

Order affirmed.

ORDER

Now, this 13th day of September, 1979, the order of the Court of Common Pleas of Chester County, dated March 23, 1978, dismissing the appeal of B-K Properties from a report of the Zoning Hearing Board of Tredyffrin Township, is hereby affirmed.

644

DISSENTING OPINION BY JUDGE CRAIG:

I must respectfully dissent.

I cannot join in adopting the opinion below because the lower court decision, doubtless inadvertently, misstates the record as to the issues raised and, on the basis of that misstatement, considers only the exclusionary zoning question and ignores the issue of general police power validity of a five-acre lot area minimum—an issue which was clearly raised.

The court below states:

We consider only the Appellant's assertion that the Zoning Ordinance is exclusionary, as a claim that a zoning ordinance is confiscatory as applied to one particular property is not properly raised as a challenge under Section 1004 of the MPC . . . but must, rather, be brought as a request for a variance before the Zoning Hearing Board pursuant to Section 912 of the MPC. . . . Benham v. Board of Supervisors of Middletown Township, 22 Pa. Commw. 245, 349 A.2d 484, 490 (1975).

The claim that the zoning ordinance was "confiscatory as applied to one particular property" was found by the lower court in the phrase "confiscatory as to the appellants" which appears only at page 9 of the Notice and Statement of Zoning Appeal in subparagraph "o". However, that subparagraph does not constitute the raising of a legal issue. It is only an attack upon a failure to make a *finding of fact*, as follows:

15. The Zoning Hearing Board erroneously failed to make the following findings of fact:

. . . .

o. The prohibitions and restrictions under the zoning and subdivision ordinances which apply to the subject property are exclusionary

as to the public generally and are confiscatory as to the appellants.

Clearly, questioning the failure to find a fact does not constitute the raising of a legal issue.

The legal issue of general police power validity (as distinguished from being confiscatory as to a particular property only) was clearly raised as a matter of law in paragraph 14 of the Notice and Statement of Zoning Appeal, as follows:

14. The Zoning Hearing Board has erroneously made the following conclusions of law:

. . . .

d. That the 5 acre minimum lot size requirement is not either exclusionary or confiscatory.

e. That the 5 acre minimum lot size requirement is a reasonable exercise of the police power of the Township, and has a reasonable relationship to public health, safety, morals and general welfare.

Thus was raised a general validity issue which the court below should have treated, unless it was expressly waived or abandoned.

Moreover, paragraph 6 of the Notice and Statement of Appeal says:

6. The prohibitions and restrictions under the Zoning and Subdivision ordinances which apply to the subject property are contrary to the purposes of the MPC, and violate the traditional right to use and enjoy property under the Constitutions of the United States and the Commonwealth of Pennsylvania.

To be a true controversy, every case must deal with restrictions "which apply to the subject property"; that is very different from saying that those restrictions are invalid *as applied* to the subject property.

Hence this Court should not adopt a lower court decision which has inadvertently neglected to deal with a real issue actually raised.

Surely a minimum lot area requirement can be an invalid exercise of the police power for reasons other than being exclusionary.

The point cannot be better expressed than it was in Judge BLATT's dissent in *DeCaro v. Washington Township,* 21 Pa. Commonwealth Ct. 252, 344 A.2d 725 (1975), quoting Justice ROBERTS from *Concord Township Appeal,* 439 Pa. 466, 268 A.2d 765 (1970), as follows:

> 'As we pointed out in National Land, there are obvious advantages to the residents of a community in having houses built on four—or three—acre lots. However, minimum lot sizes of the magnitude required by this ordinance are a great deal larger than what should be considered as a *necessary* size for the building of a house, and are therefore not the proper subjects of public regulation. As a matter of fact, a house can fit quite comfortably on a one-acre lot without being the least bit cramped. Absent some extraordinary justification, a zoning ordinance with minimum lot sizes such as those in this case is completely unreasonable.' 439 Pa. at 471, 268 A.2d at 766-767. (Emphasis in original.) (Footnote omitted.)

21 Pa. Commonwealth Ct. at 259, 344 A.2d at 729.

To uphold a five-acre lot area minimum per family simply on the basis that it is not exclusionary is to ignore the obvious point that a requirement, without excluding people from an entire municipality, can nevertheless lack a reasonable relationship to the protection of the public health, safety, or welfare.

That point can be ignored only if we supinely follow the one sentence in the *DeCaro* opinion which links

exclusionary invalidity with police power purpose invalidity in the conjunctive. 21 Pa. Commonwealth Ct. at 257-58, 344 A.2d at 728.

In agreement with the view of Justice ROBERTS quoted by Judge BLATT, it is difficult to see how a minimum of five acres—more than 200,000 square feet—for one family can be deemed reasonably appropriate to the protection of the public health, safety or morals or even to the protection of the public welfare in its broadest planning, economic and aesthetic interpretations.

Even if a municipality applies a five-acre minimum only to a small part of its territory, is the enforcement of such a high-cost housing enclave appropriate to advance police power purposes, or should such a "county-estate" district be left to voluntary restrictive covenants alone?

Rather than adopt the extreme implication of *De-Caro,* the court should now clarify what was said there. We should eliminate any impression that we are adopting or perpetuating a doctrine that a zoning restriction, if not exclusionary, is valid and lawful even if it is devoid of a reasonable relationship to the protection of the public health, safety or welfare.

Judges DISALLE and MACPHAIL join in this dissent.