446 A.2d 891

**In re Appeal of B–K PROPERTIES.**

**Appeal of B–K PROPERTIES.**

Supreme Court of Pennsylvania.

Argued April 15, 1982.
Decided June 25, 1982.

Holbrook M. Bunting, Jr., Media, for appellant.

Thomas G. Gavin, West Chester, Robert S. Ryan, Philadelphia, for appellee.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY, McDERMOTT and HUTCHINSON, JJ.

## OPINION OF THE COURT

PER CURIAM:

This is an appeal, by allowance, from an order of the Commonwealth Court, 45 Pa.Cmwlth. 642, 405 A.2d 1083, affirming an order of the Court of Common Pleas of Chester County which rejected the challenge of appellant B–K Properties to the validity of a five-acre minimum lot size requirement contained in the zoning ordinance of appellee Tredyffrin Township. Appellant's appeal to the court of common pleas was preceded by an appeal to the township's Zoning Hearing Board pursuant to section 1004(1)(a) of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, § 1004(1)(a), 53 P.S. § 11004(1)(a) (1972).

The court of common pleas held that the record as developed before the Zoning Hearing Board failed to support appellant's contention that the ordinance is exclusionary. The court specifically declined to reach the question of whether the ordinance is invalid on other grounds, or whether "extraordinary justification" exists for the five-acre requirement. See Concord Township Appeal, 439 Pa. 466, 471, 268 A.2d 765, 767 (1970). The Commonwealth Court affirmed on the basis of the opinion of the court of common pleas. Judge Craig, joined by Judges DiSalle and MacPhail, dissented on the ground that appellant had properly presented and preserved the question of whether the ordinance constitutes an invalid exercise of the police power.

Our review of the record convinces us that appellant has indeed properly presented and preserved his contention that the five-acre requirement lacks a reasonable relationship to public health, safety, welfare, or morals. Accordingly, the matter must be remanded to the court of common pleas for a determination of this contention, with an opportunity for

the parties to present relevant evidence. See *Concord Township Appeal*, supra.

Order of the Commonwealth Court vacated. Order of the Court of Common Pleas of Chester County vacated and record remanded to that court for proceedings pursuant to the Pennsylvania Municipalities Planning Code consistent with this opinion.