Thomas Kelly and Helen Kelly, Appellants *v.* Zoning Hearing Board of Upper Moreland Township, Appellee.

Argued December 11, 1984, before President Judge
CRUMLISH, JR. and Judges ROGERS, WILLIAMS, JR.,
CRAIG, MACPHAIL, DOYLE and BARRY.

*Donald A. Semish, Semish & Grau,* for appellants.

*George B. Ditter,* with him, *Raymond Jenkins* and
*S. Gerald Corso, Jenkins, Tarquini & Jenkins,* for ap-
pellee.

OPINION BY JUDGE ROGERS, February 14, 1985:

Thomas Kelly and Helen Kelly, his wife, have ap-
pealed an order of the Court of Common Pleas of
Montgomery County affirming a decision of the Zon-
ing Hearing Board of Upper Moreland Township
(board) which rejected their challenges to the validity

of the township zoning ordinance and their application for a variance.

Appellants' property is located in a residential zoning district where only single family residences on three acre lots are permitted uses. The appellants' lot on which their residence is located contains six acres. They purchased the property in 1945 by deed containing a restrictive covenant providing that the lot might not be subdivided so as to produce any lot containing less than three acres. This restriction was imposed upon all lots in the development called Oak Ridge Farm. When the restriction expired in 1960, the owners of lots in Oak Ridge Farm successfully petitioned the Board of Commissioners of Upper Moreland Township to adopt the three acre minimum lot size as a zoning regulation affecting their properties. The appellants were not petitioners but they knew of the action of other property owners and made no objection to it.

In 1981, the appellants formed a desire to subdivide their six acre lot into three parcels, each containing about two acres. They applied to the board for a variance and they challenged the validity of the three acre minimum lot size requirement. After three evenings of hearings, the board denied the variance. The appellants appealed to the court of common pleas which, without receiving additional evidence, affirmed the board.

On appeal before this court, "our scope of review is limited to determining whether the finder of fact . . . [here the board], abused its discretion or committed an error of law." *DeCaro v. Washington Township, Berks County,* 21 Pa. Commonwealth Ct. 252, 256, 344 A.2d 725, 727 (1975).

The appellants make three arguments: first, that the three acre minimum lot size requirement is un-

constitutional as having an exclusionary purpose and effect; second, that it is unconstitutional as an unreasonable exercise of police power; and third, that they had established their entitlement to a variance.

We agree with the trial court that the appellants failed to produce evidence overcoming the presumption favoring the validity of the contested ordinance or which would justify the grant of a variance.

## Exclusionary Zoning

With respect to the alleged exclusionary purpose and effect of the three acre requirement, we have, pursuing the analysis set forth in *Surrick v. Zoning Hearing Board of Upper Providence Township*, 476 Pa. 182, 382 A.2d 105 (1977), duly considered whether the municipality has accepted its " 'fair share' of the legitimate developmental needs of the larger community of which the municipality is a part." *Hostetter v. Township of North Londonderry*, 63 Pa. Commonwealth Ct. 122, 437 A.2d 806 (1981). The threshold inquiry under *Surrick* is that of whether the municipality is in the pathway of development and population growth. *Surrick*, 476 Pa. at 192, 382 A.2d at 110. This involves an examination of the "[p]opulation density data and the percentage of total undeveloped land and the percentage available for the development of multi-family dwellings. . . ." *Id.* Additionally, the reviewing court must consider whether the "challenged zoning scheme effected an exclusionary result or, alternatively, whether there was evidence of a 'primary purpose' or exclusionary intent to zone out the natural growth of population." *Id.*

Upper Moreland Township is about fifteen miles north of center city Philadelphia. After three extensive hearings conducted by the board, the appellants failed to establish that although the township is near

Philadelphia, it is in the logical path of development of the neighboring metropolis.

Moreover, as the trial court noted, the appellants failed to prove that present zoning will not satisfy the needs of the township's natural population growth. A review of the township's development in the last decade shows that the population increased by 4.1% while the number of dwellings in the township increased by 32.7%.

Additionally, there was no proof offered by the appellants that the township has failed to accommodate its "fair share" of the natural growth of population. The R-Residential zoning district comprises only three percent of the township's population; the remainder of the zoning districts offer a diverse range of dwellings and uses, so that no segment of the population is excluded from the township. The trial court judge noted that "62% of the township is zoned for residential development on lots ranging from 1.1 units per acre to 25 dwelling units per acre."[1]

The appellants, however, contend that the ordinance is exclusionary in its purpose because it was enacted only after the Oak Ridge Farm property owners petitioned the township for a three acre restriction on their development. In *Robert Louis Corp. v. Board of Adjustment of Radnor Township*, 1 Pa. Commonwealth Ct. 292, 297, 274 A.2d 551, 555 (1971), we rejected the same argument. We there wrote: "The fact that the rezoning was initiated by residents of the zoned area is not determinative of the validity of the ordinance." Mr. Ernest Van Rieker, a professional planner who testified on the appellants' behalf, stated that it is valid planning practice to update zoning ordinances based on legitimate, existing uses. The township's planning director, Mr. Richard

---

[1] 111 Montgomery County Law Reporter 326, 329 (1983).

Bickel, testified that the ordinance satisfied the long-range objectives of the Upper Moreland Comprehensive Plan in encouraging growth and development around certain core areas and in discouraging development in such low density areas as Oak Ridge Farm.

The appellants further contend that the R-Residential zoning district ordinance is exclusionary in effect, because it has an adverse influence on the marketability of the appellants' property. *National Land and Investment Co. v. Easttown Township Board of Adjustment,* 419 Pa. 504, 524 n. 23, 215 A.2d 597, 608 n. 23 (1965). The appellants' six acre parcel may be subdivided into two lots; their proofs do not include a showing that the resulting two three acre lots would not be marketable.

We agree with the trial court that the board correctly concluded that neither exclusionary intent nor effect was shown.

### Police Power Regulation

The appellants' thesis is that the three acre minimum is unduly restrictive, confiscatory, and was therefore an invalid exercise of police power. They say that neither the board nor the court decided this issue. If this were true, we would be required under *B-K Properties Appeal,* 498 Pa. 370, 446 A.2d 891 (1982), to vacate and to remand the matter to the trial court for a decision on this issue. In *B-K Properties Appeal,* the trial court judge specifically stated that he was deciding the case on the issue of exclusionary zoning and not on the issue also raised by the landowner that the five acre requirement was an invalid exercise of the police power. We affirmed, but with some judges dissenting on the ground that the police power issue should have been decided by the

trial court. The Supreme Court vacated our order and remanded to the trial court for a decision on that issue. We believe this case is different. Here, the judge of the common pleas court stated that one of the issues for the court's decision was that of whether "the lot size of three acres is unconstitutional per se," and there are other portions of his opinion which indicate that he did decide this issue against the landowner. Indeed, he decided all of the issues raised against the appellants and in favor of the township. Therefore, in the interest of furthering the progress of this case to resolution, we will consider the issue as having been decided and ready for review.

Cases in which minimum lot restrictions have been overturned on the basis of being unduly restrictive, concerned relatively large tracts of undeveloped land suitable for human habitation. For example, the tract zoned four acres minimum in *National Land* was eighty-five acres of undeveloped land; the two and three acre lot restrictions in *Concord Township Appeal,* 439 Pa. 466, 268 A.2d 765 (1970), involved a 140-acre tract ready for development; the ten acre minimum lot size in *Martin v. Township of Millcreek,* 50 Pa. Commonwealth Ct. 249, 413 A.2d 764 (1980), concerned a 160 acre tract of undeveloped land which the owner sought to subdivide for residential use.

Here the three acre minimum lot restriction applies to land which is already developed or difficult or impossible to develop. Of the township's total 4851.2 acres, only three percent, or 145.5 acres are subject to the three acre minimum lot size, and of this total, Oak Ridge Farm comprises about seventy acres by our reckoning.[2] The rest of this zoning district is

---

[2] The lots in Oak Ridge Farm subject to the three acre minimum range in size from 2.47 to 5.97 acres, the appellants' property. The lots average 3 acres in size.

within the watershed area of Pennypack Creek, which has difficult access and is subject to flooding. That part of the district which is suitable for development, Oak Ridge Farm, has been long since fully developed into approximately twenty occupied home sites.

All of the circumstances of this case—the fact that Oak Ridge Farm existed as a development by virtue of deed restrictions identical to the present zoning since before there was any zoning, that the zoning regulation was sought by the residents of the fully developed area, that the zoning district within which the regulation applies is small and much of it not readily developable—point to the presence in this case of the "extraordinary justification related to the public interest" for the three acre minimum lot size. *Martin v. Township of Millcreek*, 50 Pa. Commonwealth Ct. at 256, 413 A.2d at 767.

## Variance

The appellants contend that the board erred in not granting the variance for the subdivision of their lot into three parcels. They claim a unique hardship stemming from the lot's irregular shape, its twelve corner plates, and its extensive road frontage which would add to the expense of installing sewage facilities.

In rejecting these arguments, the trial court judge wrote:

> The law regarding the granting of a variance is well settled. The applicant must sustain the burden of proving that the proposed use is not contrary to public interest and that the property involved is subjected to an unnecessary hardship, unique or particular to the property itself. Sposato v. Radnor Township Board of Adjustment, 440 Pa. 107, 270 A.2d 616

(1970) ; . . . . The hardship must be separate and distinguished from the impact of the zoning regulations on the entire district. Uppergrove v. Philadelphia Zoning Board of Adjustment, supra. (Citations omitted.)[3]

Unnecessary hardship is proven by showing either that the physical characteristics of the property were such that it could not in any case be used for the permitted purpose or that the physical characteristics were such that it could only be arranged for such purpose at prohibitive expense. . . . or (2) by proving that the characteristics of the area were such that the lot has either no value or only a distress value for any purpose permitted by the zoning ordinance.

*Philadelphia v. Earl Scheib Realty Corp.*, 8 Pa. Commonwealth Ct. 11, 17, 301 A.2d 423, 426 (1973).

We support the lower court's conclusion that the twelve corner plates of the appellants' lot and the other geographical irregularities do not render the land useless or valueless. The opportunity for greater profit from a three lot than from a two lot subdivision is not a ground for the grant of a variance. In *Marple Gardens, Inc. v. Zoning Board of Adjustment*, 8 Pa. Commonwealth Ct. 436, 443, 303 A.2d 239, 242-243 (1973), we wrote :

The test is not whether the desired use of the property by its owner is the more desirable or even the best use. Rather, in a variance case, the question is whether the property may be used in a reasonable manner within the restriction provisions of the zoning ordinance or regulation.

Finally, the appellants complain that if in the future off-site sewage facilities should be planned the

---

[3] 111 Montgomery County Law Reporter 327.

front footage costs to the owners of their six acre lot or as to the owners of each of two three acre lots would be prohibitive. A variance cannot be founded upon so speculative a base.

For the above reasons, we find that the board did not commit an abuse of discretion or error of law in refusing a variance.

We affirm.

### ORDER

AND Now, this 14th day of February, 1985, the order of the Court of Common Pleas of Montgomery County is affirmed.

This decision was reached prior to the resignation of Judge WILLIAMS, JR.